952 P.2d 865

STATE of Hawai'i, Plaintiff–Appellant,

v.

George TIMOTEO, Defendant–Appellee,

and

Rodney Joseph, Jr., and Jonnaven Monalim, Defendants.

No. 17987.

Supreme Court of Hawai'i.

Oct. 14, 1997.

Caroline M. Mee, Deputy Prosecuting Attorney, on the briefs, Honolulu, for plaintiff-appellant.

William F. Cooper, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Plaintiff-appellant State of Hawai'i (the prosecution) appeals from a circuit court order granting defendant-appellee George Timoteo's motion for judgment of acquittal following a jury verdict of guilty of the time-barred lesser included offense of simple trespass in violation of Hawai'i Revised Statutes (HRS) 708–815 (1985). On appeal, the prosecution contends that (1) this court has jurisdiction over the instant appeal; (2) this appeal pursuant to HRS § 641–13(9) does not violate double jeopardy protections under the United States Constitution or the Hawai'i Constitution; and (3) the circuit court erred by concluding that the statute of limitations for simple trespass was jurisdictional and could not be waived. For the reasons set forth below, we vacate the circuit court's order granting Timoteo's motion for judgment of acquittal and remand this case to the circuit court with instructions to reinstate the jury's guilty verdict against Timoteo for simple trespass and to sentence him accordingly.

## I. BACKGROUND

On May 13, 1993, Timoteo was re-indicted [1] as to the first count of an eight-count indictment [2] for allegedly committing burglary in the first degree in violation of HRS § 708–810(1)(c) (1985).[3] Timoteo was arraigned on June 21, 1993, and he entered a plea of not guilty.

On August 13, 1993, co-defendant Jonnaven Monalim filed a motion to dismiss the indictment based upon an alleged violation of HRS § 701–108 (1985 & Supp.1992),[4] asserting that the prosecution had failed to commence proceedings within the periods required by the applicable statutes of limitations. Timoteo subsequently joined Monalim's motion on September 8, 1993. A hearing on the motion took place on October 4, 1993. On October 11, 1993, the circuit court dismissed only the eighth count, which alleged that Monalim had committed the offense of terroristic threatening in the second degree, because terroristic threatening in the second degree was a misdemeanor and the two-year statute of limitations for misdemeanors had expired.[5] The circuit court refused, however, to dismiss the remaining counts because those offenses were felonies for which the three-year statute of limitations had not expired.[6]

1. Timoteo was originally indicted on September 17, 1991. Subsequently, Timoteo filed a motion to dismiss for violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 48, which the circuit court granted without prejudice on March 30, 1993. The second indictment was filed on May 13, 1993.

2. Count I of the second indictment charged Timoteo with the following:

> On or about the 20th day of September, 1989, in the City and County of Honolulu, State of Hawaii, RODNEY JOSEPH, JR., JONNAVEN MONALIM, and GEORGE TIMOTEO did intentionally enter or remain unlawfully in a building, to wit, the residence of Marc Kaanoi, situated at [the address], with intent to commit therein a crime against a person or property rights and did recklessly disregard the risk that the building was the dwelling of another, and the building is such a dwelling, thereby committing the offense of Burglary in the First Degree, in violation of Section 708–810(1)(c) of the Hawaii Revised Statutes.

Count II charged Timoteo with criminal property damage in the second degree but was withdrawn. Counts III to VII charged Monalim and Joseph with terroristic threatening in the first degree. Count VIII charged Monalim with terroristic threatening in the second degree.

3. HRS § 708–810 (1985) provides:

> **Burglary in the first degree.** (1) A person commits the offense of burglary in the first degree if he intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:
> (a) He is armed with a dangerous instrument in the course of committing the offense; or
> (b) He intentionally, knowingly, or recklessly inflicts or attempts to inflict bodily injury on anyone in the course of committing the offense; or
> (c) He recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.
> (2) An act occurs "in the course of committing the offense" if it occurs in effecting entry or while in the building or in immediate flight therefrom.
> (3) Burglary in the first degree is a class B felony.

4. At the time of the offense at issue in this case, HRS § 701–108 (1985 & Supp.1992) provided in relevant part:

> **Time limitations.** (1) A prosecution for murder, murder in the first and second degrees, attempted murder, and attempted murder in the first and second degrees may be commenced at any time.
> (2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
> (a) A prosecution for a class A felony must be commenced within six years after it is committed;
> (b) A prosecution for any other felony[, i.e., a class B or C felony,] must be commenced within three years after it is committed;
> (c) A prosecution for a misdemeanor or a parking violation must be commenced within two years after it is committed;
> (d) A prosecution for a petty misdemeanor or a violation other than a parking violation must be commenced within one year after it is committed.

5. "Terroristic threatening in the second degree is a misdemeanor[,]" HRS § 707–717(2) (1985), and, thus, the prosecution for terroristic threatening in the second degree "must be commenced within two years after it is committed[.]" HRS § 701–108(2)(c).

6. The remaining counts were for burglary in the first degree and terroristic threatening in the first degree. "Burglary in the first degree is a class B felony." HRS § 708–810(3). "Terroristic Threatening in the first degree is a class C felony." HRS § 707–716(2) (Supp.1992). Thus, the

Commencing on December 28, 1993, Timoteo, Joseph and Monalim were tried before a circuit court jury. Dennis Dilwith, Jr., Marc Kaanoi, Michael Barlog, Eric Kaanoi, and Joseph Carrero testified that on September 20, 1989, following an earlier confrontation, they were sitting in the living room of Marc Kaanoi's house when Monalim and Joseph entered without knocking. They testified that Joseph carried a shotgun and told them, "[Y]ou're all dead." Then Joseph and Monalim proceeded to kick or punch Barlog, Marc Kaanoi, and Carrero. Some of the witnesses testified that they saw Timoteo standing at the doorway carrying a garden pick. There was conflicting testimony as to whether Timoteo actually entered the house. After the prosecution rested its case, Timoteo moved for judgment of acquittal and moved to dismiss as a de minimis infraction. Both motions were denied. Timoteo then rested his case without presenting evidence and renewed his two prior motions.

Although the prosecution had charged Timoteo with burglary in the first degree, during the settling of jury instructions, Timoteo requested a jury instruction for the lesser included offense of simple trespass,[7] which the circuit court later gave the jury. The jury found Timoteo guilty of simple trespass.

Two days after the jury verdict, Timoteo filed a "motion to dismiss" for failing to charge him within the applicable statute of limitations. Timoteo's "motion to dismiss" was the functional equivalent of a post-verdict motion for judgment of acquittal pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 29(c) and, for the purpose of this appeal, we will construe it as such.

Timoteo argued that HRS § 701–108(2)(d) required the circuit court to dismiss the charge, and, thus, enter a judgment of acquittal, because the statute of limitations for simple trespass was one year, and more than one year had passed between the date of the offense and the date of the indictment.[8] The prosecution opposed Timoteo's motion, arguing that Timoteo had waived the statute of limitations defense when he requested the jury instruction for the time-barred lesser included offense of simple trespass.

After hearings on January 21 and March 21, 1994, the circuit court granted Timoteo's motion and dismissed the conviction because Timoteo had not been charged within the statute of limitations period for simple trespass. In reaching its decision, the circuit court concluded that the statute of limitations under HRS § 701–108(2)(d) was jurisdictional and could not be waived. The circuit court also concluded that this court's holding in *State v. Kupau,* 76 Hawai'i 387, 879 P.2d 492 (1994), mandated that trial courts give a jury instruction for a time-barred lesser included offense even without a request from a party.

The prosecution's timely appeal pursuant to HRS § 641–13(9) (1993) followed.

## II. DISCUSSION

### A. Jurisdiction Over This Appeal

█ Timoteo contends that this court does not have jurisdiction over this appeal because HRS § 641–13 does not specifically authorize the prosecution to appeal the order granting Timoteo's "motion to dismiss" following a jury verdict of guilty. We disagree.

As already stated, we deem Timoteo's "motion to dismiss" to be a post-verdict motion

statute of limitations for prosecuting burglary in the first degree and terroristic threatening in the first degree is three years. HRS § 701–108(2)(b).

7. HRS § 708–815 (1985) provides the following:
 **Simple trespass.** (1) A person commits the offense of simple trespass if he knowingly enters or remains unlawfully in or upon premises.
 (2) Simple trespass is a violation.

8. The date of the alleged offense was September 20, 1989, and the date of the second indictment was May 13, 1993. However, the period from September 17, 1991, to March 30, 1993, is excludable because, during that time, Timoteo was being prosecuted under the first indictment. The statute of limitations does not run "[d]uring any time when a prosecution against the accused for the same conduct is pending in this State." HRS § 701–108(6)(b) (1985). Therefore, the periods relevant to this case are (1) from September 20, 1989 to September 17, 1991 (727 days); and (2) from March 30, 1993, to May 13, 1993 (44 days), for a total of 771 days. The limitations period for a violation such as simple trespass is one year. HRS § 701–108(2)(d). Because there are only 365 days in one year, the applicable statute of limitations had expired.

for judgment of acquittal following a jury verdict of guilty pursuant to HRPP Rule 29(c). HRS § 641–13(9) specifically authorizes the prosecution to assert an appeal "[f]rom a judgment of acquittal following a jury verdict of guilty." Thus, this court clearly has appellate jurisdiction over the instant appeal pursuant to HRS § 641–13(9).

### B. *Double Jeopardy*

Timoteo contends that, even if HRS § 641–13(9) authorizes the instant appeal, under the double jeopardy clause of the fifth amendment to the United States Constitution, the prosecution cannot appeal a judgment of acquittal pursuant to HRS § 641–13(9) based upon a resolution of the facts at the proceeding. Under the circumstances of the instant case, we disagree.

 As a general rule, we "strictly construe HRS § 641–13 and its predecessor statutes, especially in view of the double-jeopardy concerns implicated in the criminal appellate situation[.]" *State ex rel. Marsland v. Shintaku*, 64 Haw. 307, 310–11, 640 P.2d 289, 292 (1982) (citations and footnote omitted); *see also State v. Kahalewai*, 71 Haw. 624, 626, 801 P.2d 558, 560 (1990). However, "where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *United States v. Wilson*, 420 U.S. 332, 344, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975) (footnote omitted). Where "reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution." *Id.* at 344–45, 95 S.Ct. at 1022. As Justice Nakamura correctly noted in his dissent in *State v. Rodrigues*, 67 Haw. 70, 87 n. 12, 679 P.2d 615, 626 n. 12, *cert. denied*, 469 U.S. 1078, 105 S.Ct. 580, 83 L.Ed.2d 691 (1984), "[n]o double jeopardy problems would be implicated in a government appeal from a judgment of acquittal following a jury verdict of guilty.... For a reversal there would result in a reinstatement of the verdict, not a retrial."

The instant case is a government appeal from a judgment of acquittal following a jury verdict of guilty, and our vacation of the judgment of acquittal will result in the rein-statement of the guilty verdict, not a retrial. Accordingly, we hold that the prosecution's appeal from the judgment of acquittal following the jury's verdict of guilty pursuant to HRS § 641–13(9) does not violate the protections against double jeopardy as guaranteed by the United States Constitution or the Hawai'i Constitution.

### C. *Timoteo Waived the Statute of Limitations for Simple Trespass*

The prosecution contends that the circuit court erred in granting Timoteo's post-verdict motion for judgment of acquittal because the circuit court based its decision on its erroneous conclusions that (1) a statute of limitations is jurisdictional, (2) a statute of limitations cannot be waived, and (3) this court's holding in *Kupau*, 76 Hawai'i 387, 879 P.2d 492, mandates that trial courts give a jury instruction for a time-barred lesser included offense even without a request from a party. We agree with the prosecution.

 As stated, we deem Timoteo's "motion to dismiss" to be a post-verdict motion for judgment of acquittal following a jury verdict of guilty pursuant to HRPP Rule 29(c), which provides the following:

(c) **Motion After Discharge of Jury.** If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 10 days after the jury is discharged or within such further time as the court may fix during the 10–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

When reviewing a post-verdict motion for judgment of acquittal,

we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the

trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

*State v. Jhun*, 83 Hawai'i 472, 481, 927 P.2d 1355, 1364 (1996) (citations and internal quotation marks omitted).

█ In the instant case, in·order for the prosecution to withstand Timoteo's motion for judgment of acquittal, HRS § 701–114(1)(a) (1993) requires that the record contain substantial evidence as to the elements of simple trespass under HRS § 708–815, as well as the following:

 (b) The state of mind required to establish each element of the offense;

 (c) Facts establishing jurisdiction;

 (d) Facts establishing venue; and

 (e) Facts establishing that the offense was committed within the time period specified in [HRS] section 701–108.

HRS § 701–114(1). However, a defendant can waive proof of the elements under HRS § 701–114(1)(c) through (e). For example, with respect to the venue element under HRS § 701–114(1)(d), "the right to be tried in the county or district where the offense was committed ... may be waived" by the defendant. *State v. Miyashiro*, 3 Haw.App. 229, 231, 647 P.2d 302, 304 (1982). Accordingly, if a defendant effectively waives the provisions of one or more of these subsections of HRS § 701–114(1), then the prosecution can withstand a motion for judgment of acquittal, despite the absence of substantial evidence in the record as to that particular subsection.

█ The issue in the instant case is whether Timoteo waived the statute of limi-

tations for simple trespass prescribed by HRS §§ 701–108 and 701–114(1)(e). Under the circumstances of the instant case, this is a question of law that we review de novo under the right/wrong standard. "Under the right/wrong standard, we examine the facts and answer the question without being required to give any weight to the trial court's answer to it." *State v. Naeole*, 80 Hawai'i 419, 422, 910 P.2d 732, 735 (1996) (quoting *State v. Meyer*, 78 Hawai'i 308, 311, 893 P.2d 159, 162 (1995)).

█ In addressing whether the requirements of HRS § 701–114(1)(e) have been met, we note that we strictly construe penal statutes. *State v. Gaylord*, 78 Hawai'i 127, 137–38, 890 P.2d 1167, 1177–78 (1995). However, the protection of a statute of limitations does not constitute a fundamental right under the United States Constitution or the Hawai'i Constitution, but rather, a mere statutory act of grace that the sovereign state has conferred in order to limit its right to prosecute criminal offenders. *State v. Russell*, 62 Haw. 474, 479, 617 P.2d 84, 88 (1980) (citations omitted). "Therefore, [a] statute of limitations is simply a rule of law with certain exceptions created by the legislature." *Id.* The Hawai'i legislature has not specifically indicated whether a criminal statute of limitations is a non-jurisdictional element that a criminal defendant can waive.

█ Nevertheless, "[a] leap of logic is not required to maintain that if an accused can waive constitutional rights, he can certainly waive one conferred by the statute of limitations[.]" *State v. Littlejohn*, 199 Conn. 631, 508 A.2d 1376, 1381 (1986). As the United States Court of Appeals for the District of Columbia stated:

It seems to us, too, that if a defendant may waive certain constitutional rights, he should certainly be capable in this instance of waiving a statutory right such as the statute of limitations. Constitutional rights which the defendant may waive include, inter alia, the right to be represented by counsel, the right not to be twice put in jeopardy, and the right to be tried in the district where the offense was committed. If the strong policies behind these rights are not violated by a rule permitting them

to be waived by a defendant, we cannot find that the limitation statute's policy is violated here where the defendant was fully cognizant of the consequences of such a waiver and decided to execute it on the advice of his attorney for his own benefit.

*United States v. Wild*, 551 F.2d 418, 424–25 (D.C.Cir.) (footnotes omitted), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977). Thus, numerous courts have held that the statute of limitations in a criminal case does not go to the jurisdiction of the court.[9] Likewise, we hold that the expiration of a statute of limitations does not terminate a court's jurisdiction over the subject matter.

Although the prosecution of Timoteo did not commence until more than one year after the date of the offense, under case law in a growing number of jurisdictions, Timoteo waived the statute of limitations by requesting the circuit court to instruct the jury on the time-barred lesser included offense of simple trespass. For example, in a trial involving the charge of first degree murder, when a defendant requested and received a jury instruction on the time-barred lesser included offense of second degree murder, the United States Court of Appeals for the Fourth Circuit affirmed the defendant's conviction for second degree murder, notwithstanding that the statute of limitations had expired. *United States v. Williams*, 684 F.2d 296, 299–300 (4th Cir.1982), *cert. denied*,

459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983).

In the present case [the defendant] received the charge he requested, and he was convicted of the lesser included offense contained therein. Murder in the first degree is a capital offense for which there is no statute of limitations. If the court had not given the requested lesser included offense charge, [the defendant] would have been in the unenviable position of facing a verdict of guilty or not guilty on a capital offense. The requested charge was certainly in [the defendant's] best interest under the circumstances. *[The defendant] requested the charge*, did not object to the charge, was convicted under the charge and, in all probability, benefited from the charge. He cannot now complain of the result *and his actions obviously constitute a waiver of the time limitation* contained in [18 U.S.C.] § 3282.

*Williams*, 684 F.2d at 299–300 (emphases added).

The United States Court of Appeals for the Ninth Circuit specifically "agree[d] with this view." *United States v. DeTar*, 832 F.2d 1110, 1115 (citing *Williams*, 684 F.2d at 299–300).

It best avoids the alternative evils of misleading the jury or denying a defendant an instruction that he desires and would be entitled to, but for the bar of limitations. *We see no unfairness in attaching a waiv-*

9. *See, e.g., Acevedo–Ramos v. United States*, 961 F.2d 305, 307 (1st Cir.), *cert. denied*, 506 U.S. 905, 113 S.Ct. 299, 121 L.Ed.2d 222 (1992); *United States v. Walsh*, 700 F.2d 846, 855–56 (2d Cir.), *cert. denied*, 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Karlin*, 785 F.2d 90, 92–93 (3d Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Williams*, 684 F.2d 296, 299–300 (4th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *United States v. Arky*, 938 F.2d 579, 581–82 (5th Cir.1991), *cert. denied*, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. Del Percio*, 870 F.2d 1090, 1093–94 (6th Cir.1989); *United States v. Meeker*, 701 F.2d 685, 687–88 (7th Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. DeTar*, 832 F.2d 1110, 1114 (9th Cir.1987); *United States v. Gallup*, 812 F.2d 1271, 1280 (10th Cir.1987); *Wild*, 551 F.2d at 424–25; *Cowan v. Superior Court*, 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 462, 926 P.2d 438, 442 (1996); *Littlejohn*, 508 A.2d at

1381; *People v. Williams*, 79 Ill.App.3d 806, 35 Ill.Dec. 63, 64, 398 N.E.2d 1013, 1014 (1979); *State v. Cole*, 452 N.W.2d 620, 621–22 (Iowa.Ct. App.1989); *Lowe v. State*, 14 Kan.App.2d 119, 783 P.2d 1313, 1315–16 (1989); *Brooks v. State*, 85 Md.App. 355, 584 A.2d 82, 87 (Spec.App.1991); *Commonwealth v. Steinberg*, 404 Mass. 602, 536 N.E.2d 606, 609 (1989); *People v. Allen*, 192 Mich.App. 592, 481 N.W.2d 800, 804–05, *appeal denied*, 440 Mich. 883, 487 N.W.2d 420 (1992); *State v. Johnson*, 422 N.W.2d 14, 16–17 (Minn.Ct.App.1988); *Conerly v. State*, 607 So.2d 1153, 1158 (Miss.1992); *Longhibler v. State*, 832 S.W.2d 908, 910–11 (Mo. 1992); *State v. Wiemer*, 3 Neb.App. 821, 533 N.W.2d 122, 132–33 (1995); *Hubbard v. State*, 110 Nev. 671, 877 P.2d 519, 522–23 (1994); *People v. Dickson*, 133 A.D.2d 492, 519 N.Y.S.2d 419, 421 (1987); *State v. Brown*, 43 Ohio App.3d 39, 539 N.E.2d 1159, 1163 (1988); *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727, 730 n. 4 (1983); *State v. Lambrechts*, 585 A.2d 645, 647 (R.I.1991).

er of limitations to an instruction requested by [a] defendant from which he proposed to benefit.

*DeTar*, 832 F.2d at 1115 (emphasis added) (citation omitted). "[The defendant] accordingly waived the bar of limitations for the lesser included offense when he requested an instruction upon it." *Id.*

Faced with the same legal issue regarding waiver, state jurisdictions have reached the same conclusion. *See, e.g., People v. Brocksmith*, 237 Ill.App.3d 818, 178 Ill.Dec. 536, 542, 604 N.E.2d 1059, 1065 (1992) ("If a defendant wishes to seek a lesser offense and try for the possible compromise verdict, he must be willing to accept the consequences of that decision, even if it means conviction of a crime for which the statute of limitations has expired."), *affirmed*, 162 Ill.2d 224, 205 Ill. Dec. 113, 642 N.E.2d 1230 (1994); *State v. Lambrechts*, 585 A.2d 645, 647–48 (R.I.1991) (noting that the *DeTar* holding was "highly persuasive[,]" and holding that, where a defendant was being tried on multiple counts of first degree sexual assault, the defendant effectively waived the statute of limitations applicable to the time-barred lesser included offense of second degree sexual assault by requesting the jury instruction pertaining to it).

Some courts have reached the same result by utilizing terminology and legal principles other than "waiver." For example, in a case involving a post-verdict motion to set aside a guilty verdict for a time-barred lesser included offense, the Texas Court of Criminal Appeals held that, "[s]ince [the defendant] requested that the jury be instructed on the lesser included offense, he [wa]s ... *estopped* from complaining that his conviction of that offense [wa]s barred by [the statute of] limi-

tations." *State v. Yount*, 853 S.W.2d 6, 9 (Tex.Crim.App.1993) (emphasis added). In another case involving a similar post-verdict "motion to arrest" a guilty verdict for a time-barred lesser included offense, an appellate court in Florida invoked the construct of "invited error":

> To allow [the defendant] to now successfully raise the statute of limitations defense would reduce the criminal justice system to a game of "check" and "checkmate" or "heads I win, tails you lose." . . . .

> But even more troublesome to us is the problem of *invited error.* Defense counsel should not be allowed to sandbag the trial judge by requesting and approving an instruction they know or should know will result in an automatic reversal, if given. After a guilty verdict has been returned based on the requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error. *Principles of estoppel, waiver, and invited error, forestall the possible success of such a ruse.*

*Weber v. State*, 602 So.2d 1316, 1319 (Fla. Dist.Ct.App.1992) (citations and footnotes omitted) (emphases added).

 However, regardless of terminology, a defendant who requests a jury instruction covering a time-barred lesser included offense cannot avail himself or herself of the statute of limitations governing that lesser included offense, regardless of "whether he [or she] expressly waives the defense, remains silent, or expressly refuses to waive it." *DeTar*, 832 F.2d at 1115. In fact, waiver of the statute of limitations does not even require an affirmative request by the defendant for jury instructions as to the time-barred lesser included offense.[10] Courts

---

10. In many jurisdictions a defendant waives the statute of limitations by pleading guilty or nolo contendere to a time-barred lesser included offense. *See, e.g., Acevedo–Ramos*, 961 F.2d at 307–09 (guilty plea); *Cole*, 452 N.W.2d at 621–22 (guilty plea); *Lowe*, 783 P.2d at 1315–16 (nolo contendere plea); *Johnson*, 422 N.W.2d at 18 (guilty plea); *Longhibler*, 832 S.W.2d at 911 (guilty plea); *Wiemer*, 533 N.W.2d at 133 (nolo contendere plea); *Hubbard*, 877 P.2d at 522–23 (guilty plea); *Dickson*, 519 N.Y.S.2d at 421 (guilty plea); *Brown*, 539 N.E.2d at 1163–64 (guilty plea). In Hawai'i, "a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims[.]" *State v. Morin*, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citations omitted). And "[a] plea of nolo contendere is equivalent to a plea of guilty in terms of waiving alleged nonjurisdictional defects." *Id.* (citations omitted). Therefore, because a statute of limitations is not jurisdictional in Hawai'i, a defendant waives the statute of limitations by pleading guilty or nolo contendere to a time-barred lesser included offense.

have held that a defendant waives the statute of limitations by merely failing to object to jury instructions regarding a time-barred lesser included offense prior to jury deliberations. *See, e.g., People v. Kurzawa,* 202 Mich.App. 462, 509 N.W.2d 816, 818 (1994) (holding that a defendant waived the statute of limitations because the "[d]efendant did not object to the trial court's instructions with regard to the [time-barred] lesser included offense"); *People v. Lohnes,* 76 Misc.2d 507, 351 N.Y.S.2d 279, 281 (N.Y.Sup. 1973) ("Though the defendant could have challenged the charge to the jury of the [time-barred] lesser included offense, ... he chose instead to benefit from it, and now [after the guilty verdict] wishe[d] to attack it."). Therefore, we hold that Timoteo waived the statute of limitations for the time-barred lesser included offense of simple trespass by requesting that the trial court instruct the jury on it.

Under different circumstances, we have required an express waiver of a right through an on-the-record colloquy. For example, in *State v. Black,* 66 Haw. 530, 531, 668 P.2d 32, 33 (1983), we held that a defendant did not waive his right to insist on proof of venue by failing to raise this issue prior to his motion for judgment of acquittal. However, cases such as *Black* are distinguishable from the instant case because, unlike Timoteo, the defendant in *Black* did not affirmatively act in any manner indicating that he was waiving the right at issue. More importantly, unlike the statutory requirement that the prosecution must prove "that the offense was committed within [a specific] time period[,]" HRS § 701–114(1)(e), the venue requirement in *Black* is a constitutional right. Article I, section 14 of the Hawai'i Constitution specifically guarantees that a defendant has a right to a "public trial by an impartial jury of *the district wherein the crime shall have been committed,* ... or of such other district to which the prosecution may be removed with the *consent of the accused*[.]" (emphases added). Because the language of the Hawai'i Constitution specifically guarantees this right regarding venue unless the prosecution or trial court obtains "the *consent of the accused*[,]" *id.* (emphasis added), this "language clearly requires an affirmative

act on [the] defendant's part indicating knowing and intelligent waiver." *Miyashiro,* 3 Haw.App. at 232, 647 P.2d at 304.

In contrast to the constitutional right regarding venue, there is no provision in the Hawai'i Constitution specifically requiring the "consent of the accused" with respect to waiving a statute of limitations. As stated, statutes of limitation are *not* constitutional protections, but rather, mere statutory "acts of grace conferred by the sovereign which limit its right to prosecute criminal offenders." *Russell,* 62 Haw. at 479, 617 P.2d at 88 (citations omitted). Although HRS § 701–114(1)(e) statutorily requires the prosecution to adduce proof "that [an] offense was committed within [a specific] time period[,]" defendants can effectively waive the prosecution's failure to adduce proof without giving their express consent through an on-the-record colloquy. *Cf. State v. Watson,* 71 Haw. 258, 259, 787 P.2d 691, 692 (1990) (rejecting a defendant's contention "that there was error in sentencing him as a second [time] offender since the State introduced no evidence with respect thereto" because the record showed that "the prosecutor brought to the attention of the court a previous conviction and ... [the defendant]'s counsel made no objection to sentencing as a second [time] offender[,]" and, thus, "[a]ny error in failing to adduce proof was therefore waived").

Timoteo specifically requested the jury instruction for the time-barred lesser included offense of simple trespass. We hold that, when Timoteo requested the jury instruction on simple trespass, he effectively waived the statute of limitations and agreed that the jury could convict him of simple trespass, rather than the more serious initially charged offense of burglary in the first degree, because he preferred the less serious of the two possible convictions. No express waiver through an on-the-record colloquy was necessary.

Finally, we hold that the circuit court erred in concluding that this court's holding in *Kupau, supra,* mandates that a trial court give a jury instruction relating to a time-barred lesser included offense even

when a party does not request it. In *Kupau*, we held that a "trial judge must bring all included offense instructions that are supported by the evidence to the attention of the parties." 76 Hawai'i at 395, 879 P.2d at 500. However, we also reiterated that, under HRS § 701–109(5) (1985), "a trial court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." *Id.* at 390, 879 P.2d at 495 (citations and internal quotation marks omitted). We added in *State v. Kinnane*, 79 Hawai'i 46, 49, 897 P.2d 973, 976 (1995), that, "[i]ndeed, in the absence of such a rational basis in the evidence, the trial court should not instruct the jury as to included offenses." (Citation omitted). "A fortiori, it is not error for a trial court to refuse—and the trial court should refrain from giving—an instruction regarding an uncharged offense that is not 'included,' for purposes of the Hawai'i Penal Code, within the charged offense." *Id.* (citations omitted); *accord State v. Russo*, 69 Haw. 72, 76, 734 P.2d 156, 158 (1987). "The rule is universal that an instruction to a jury cannot be predicated upon assumed facts upon which there is no proof[.]" *Territory v. Corum*, 34 Haw. 167, 183 (1937). Thus, when it is not possible to convict a defendant of a lesser included offense due to the expiration of the controlling statute of limitations, there is no rational basis to furnish a jury instruction on the lesser included offense.

Absent Timoteo's waiver of the statute of limitations for simple trespass, the jury instruction regarding that offense would have impeded and misled the jury's determination of the truth, because the jury would not actually have been able to convict him of this offense. As the United States Supreme Court has held, a criminal defendant's right to a constitutionally *fair trial* "does *not* require that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice." *Spaziano v. Florida*, 468 U.S. 447, 456, 104 S.Ct. 3154, 3160, 82 L.Ed.2d 340 (1984) (emphasis added). In *Spaziano*, a Florida petitioner challenged a trial court's failure to instruct the jury on the lesser

included offenses of capital murder. *Id.* at 449, 104 S.Ct. at 3156. The petitioner had been indicted and tried for first-degree murder, for which there was no state statute of limitations, although there was a two-year statute of limitations governing the lesser included non-capital offenses of attempted first-degree murder, second degree murder, third degree murder, and manslaughter. *Id.* at 450, 104 S.Ct. at 3156. At the close of evidence, the trial court informed the petitioner that it would instruct the jury on these lesser included non-capital offenses if the petitioner would waive the statute of limitations as to those offenses. *Id.* The petitioner refused to waive the statute of limitations and, after the trial court instructed the jury solely on capital murder, the jury eventually returned a guilty verdict. *Id.* at 450–51, 104 S.Ct. at 3156–57.

In addressing the petitioner's argument, the *Spaziano* court acknowledged the significance of *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), which "made clear that in a capital trial, a lesser included offense instruction is a necessary element of a constitutionally fair trial." *Spaziano*, 468 U.S. at 455, 104 S.Ct. at 3159. The *Spaziano* court noted that the holding in *Beck* was based on the conclusion that depriving the jury of the "third option" of convicting a criminal defendant of a lesser included offense would pose a risk of an "unwarranted conviction." *Id.* at 454, 104 S.Ct. at 3159. However:

> [t]he element the Court in *Beck* found essential to a fair trial was not simply a lesser included offense instruction in the abstract, but the enhanced rationality and reliability the existence of the instruction introduced into the jury's deliberations. *Where no lesser included offense exists [because the statute of limitations has already expired], a lesser included offense instruction detracts from, rather than enhances, the rationality of the process.* *Beck* does not require that result.

*Id.* at 455, 104 S.Ct. at 3159 (emphasis added). The *Spaziano* court reasoned that if the trial court could not convict a criminal defendant of a lesser included offense because its statute of limitations had already expired,

then the lesser included offense no longer existed, and the trial court's instructing the jury on the lesser included offense "would simply introduce another type of distortion into the fact-finding process." *Id.* at 456, 104 S.Ct. at 3160.

> *Beck* does not require that the jury be *tricked into believing that it has a choice of crimes* for which to find the defendant guilty, if in reality there is no choice. Such a rule not only would *undermine the public's confidence* in the criminal justice system, but it would also *do a serious disservice* to the goal of rationality on which the *Beck* rule is based.

*Id.* (emphases added). Given the defendant's refusal to waive the statute of limitations governing the lesser included offenses subsumed within capital murder, the *Spaziano* court held that "it was *not* error for the trial judge to refuse to instruct the jury on the lesser included offenses." *Id.* at 457, 104 S.Ct. at 3160 (emphasis added).

The Vermont Supreme Court "share[d] the *Spaziano* Court's concern that instructing juries on time-barred, lesser included offenses is misleading and would undermine the public's confidence in the integrity of the criminal justice system." *State v. Delisle,* 162 Vt. 293, 648 A.2d 632, 638 (1994).

> [A]llowing a jury to find a defendant guilty of a crime for which the defendant cannot be punished ... *makes a mockery of the trial.* To do so is to *trick jurors* into thinking that they are discharging one of the most profound responsibilities of a free society when in fact they are not.... In short to instruct the jury on a time-barred, lesser included offense *precludes the jury from rendering a verdict with legal effect* upon which a judgment can be entered, and, consequently, *misleads the jury* concerning its essential function, *thereby undermining the very integrity of the criminal justice system.*

> Further, allowing such an instruction would show *unwarranted distrust of juries.* The judicial system depends upon jurors to be fair and forthright during deliberations. It assumes that jurors will follow instructions and scrupulously apply the law contained in those instruction to

the facts found. Experience has shown that a fully informed jury can be trusted to discharge its functions appropriately. Ordinarily the combined intelligence, wisdom, and common sense of jurors produces sounder, less biased results than the decisions of a single individual.

*Id.* at 639 (emphases added) (citations and internal quotation marks omitted).

And in California, where, until *Cowan v. Superior Court,* 14 Cal.4th 367, 58 Cal. Rptr.2d 458, 462, 926 P.2d 438, 442 (1996), it had been well established that a statute of limitations was "jurisdictional" in criminal cases, the California Supreme Court held that a trial court "need *not* instruct on a lesser included offense barred by the statute of limitations." *People v. Diedrich,* 31 Cal.3d 263, 182 Cal.Rptr. 354, 364, 643 P.2d 971, 981–82 (1982) (emphasis added).

> Since the defendant could not, at the time of his trial, have been convicted of [the time-barred lesser included offense], an instruction on that section would have served no purpose. ... [T]he rule requiring an instruction on lesser included offenses is not to be read as conferring a blanket right without qualification. Quite clearly it refers to offenses for which convictions might be had upon the proof adduced.

*Id.* 182 Cal.Rptr. at 364, 643 P.2d at 982 (emphasis added) (citation and internal quotation marks omitted).

Other jurisdictions have also held that it makes no sense to give a jury instruction covering a time-barred lesser included offense when it would be legally impossible to convict the defendant. *See, e.g., Chaifetz v. United States,* 288 F.2d 133, 136 (D.C.Cir. 1960) ("Since [the defendant] could not, at the time of his trial, have been convicted of the [time-barred lesser included offense], he was not entitled to have the trial judge tell the jury it could, or should, find him guilty of that offense."), *reversed in part on other grounds,* 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961); *Johnson v. State,* 265 Ind. 470, 355 N.E.2d 240, 242 (1976) ("[I]f the defendant could not be convicted of the [time-barred] lesser included offense, the instructions upon such offense are properly

refused."), *cert. denied,* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 593 (1977); *Tucker v. State,* 459 So.2d 306, 309 (Fla.1984) (absent "a valid waiver of the statute of limitations [governing a time-barred lesser included offense] . . . the trial court did not err in refusing to give such instructions.").

■ Thus, "[w]here the limitations period has expired as to a lesser crime[,] the trial court properly declines to instruct the jury as to such offense." *People v. Brice,* 206 Cal. App.3d 111, 253 Cal.Rptr. 370, 372 (1988), *disapproved in part on other grounds by Cowan,* 58 Cal.Rptr.2d at 463, 926 P.2d at 443. "[W]hen those lesser offenses are time-barred, they are mere phantoms and ought not be imposed upon an unsuspecting jury." *People v. Ognibene,* 12 Cal.App.4th 1286, 16 Cal.Rptr.2d 96, 98–99 (1993), *disapproved in part on other grounds, Cowan,* 58 Cal. Rptr.2d at 463, 926 P.2d at 443.

> Any other result would amount to a triumph of *form over substance* and would *seriously undermine the credibility of our criminal justice system.* Imagine the reaction of a citizen-juror who, after finding a defendant guilty of a lesser related misdemeanor, was informed that the jury's guilty verdict was a nullity and effectively resulted in a complete acquittal. *Such sleight of hand cannot be tolerated in a system which strives for openness and honesty.*

*Ognibene,* 16 Cal.Rptr.2d at 98 (emphases added). Therefore, we hold that a trial court is not required to read a jury instruction for a time-barred lesser included offense unless the defendant waives the applicable statute of limitations.

Timoteo waived the statute of limitations for the time-barred lesser included offense of simple trespass by requesting the circuit court to read the jury instruction for simple trespass. Thus, after the jury found Timoteo guilty of simple trespass, it was error for the circuit court to grant Timoteo's post-verdict motion for judgment of acquittal.

### III. *CONCLUSION*

For the aforementioned reasons, we vacate the circuit court's order granting Timoteo's motion for judgment of acquittal and remand to the circuit court with instructions to (1) reinstate the jury's guilty verdict against Timoteo for simple trespass and (2) sentence him accordingly.

RAMIL, Justice, dissenting, with whom LEVINSON, Justice, joins.

I disagree with the approach taken by the majority in this case. In my view, our prior case law, our statutory scheme, the policies underlying statutes of limitations, and the policies underlying included offense instructions argue in favor of a different approach. Therefore, I respectfully dissent.

For the sake of clarity, I believe that the issue presented in this case, *i.e.,* the effect of the statute of limitations on included offenses, should be separated into two subsidiary issues: (1) whether the statute of limitations for an included offense can be "waived" and (2) whether an included offense jury instruction is required even if the statute of limitations for the included offense has expired.

### I. *DISCUSSION*

#### A. *Whether the Statute of Limitations Can Be "Waived"*

The prosecution argues that the statute of limitations for an included offense can be waived and that, in the present case, Timoteo waived it. However, before addressing this issue, a more extensive definition of the term "waiver" is warranted. In the past, courts have used the term "waiver" rather loosely and have failed to distinguish between two important concepts. Strictly speaking, "waiver" is the "intentional relinquishment or abandonment of a known right." *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). However, "[w]aiver is different from forfeiture." *Id.* "Forfeiture" should be defined as the automatic and unintentional loss of a right, such as that resulting from the "failure to make the timely assertion of a right." *Id.* The California Supreme Court has recently applied the waiver/forfeiture distinction in the

120

context of the very issue addressed in the present case, and I adopt this distinction for my analysis. *See Cowan v. Superior Court,* 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438 (1996).

Courts in other jurisdictions have apparently taken three different approaches to statutes of limitations. Under the first approach, known as the "jurisdictional" approach, statutes of limitations can be neither waived nor forfeited. Statutes of limitations are regarded as implicating considerations of subject matter jurisdiction; they limit the power of the court to punish defendants for crimes committed beyond the limitations period. *See, e.g., Grayer v. State,* 234 Ark. 548, 353 S.W.2d 148 (1962); *Cane v. State,* 560 A.2d 1063 (Del.1989); *State v. Morris,* 81 Idaho 267, 340 P.2d 447 (1959); *State v. Stillwell,* 175 N.J.Super. 244, 418 A.2d 267 (Ct.App.Div.1980); *State v. Thomas,* 72 N.D. 537, 9 N.W.2d 442 (1943).

Under the second approach, adopted by the majority, which I refer to as the "forfeiture" approach, defendants can automatically and unintentionally lose the statute of limitations defense by failing to raise it before or during trial, by requesting an included offense instruction, or upon a guilty plea. *See. e.g., United States v. Arky,* 938 F.2d 579 (5th Cir.1991) (failing to raise), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *United States v. DeTar,* 832 F.2d 1110 (9th Cir.1987) (requesting an included offense instruction); *United States v. Karlin,* 785 F.2d 90 (3d Cir.1986) (failing to raise), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987); *United States v. Williams,* 684 F.2d 296 (4th Cir.1982) (requesting an included offense instruction), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 961 (1983); *People v. Speller,* 46 Ill.App.3d 208, 4 Ill.Dec. 780, 360 N.E.2d 1155 (1977) (failing to raise); *People v. Kurzawa,* 202 Mich.App. 462, 509 N.W.2d 816 (1993) (failing to raise); *State v. Johnson,* 422 N.W.2d 14 (Minn.Ct.App.1988) (guilty

plea); *Longhibler v. State,* 832 S.W.2d 908 (Mo.1992) (guilty plea); *State v. Atlas,* 75 Mont. 547, 244 P. 477 (1926) (failing to raise); *State v. Wiemer,* 3 Neb.App. 821, 533 N.W.2d 122 (1995) (guilty plea); *State v. Holder,* 133 N.C. 709, 45 S.E. 862 (1903) (failing to raise); *State v. Brown,* 43 Ohio App.3d 39, 539 N.E.2d 1159 (1988) (guilty plea); *Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983) (failing to raise); *State v. Lambrechts,* 585 A.2d 645 (R.I.1991) (requesting an included offense instruction); *State v. Yount,* 853 S.W.2d 6 (Tex.Crim.App.1993) (requesting an included offense instruction).

Under the third approach, which I refer to as the "waiver" approach, a defendant may waive the statute of limitations as long as it is done expressly (as opposed to implicitly) or it is done knowingly, intelligently, and voluntarily. *See, e.g., United States v. Wild,* 551 F.2d 418 (D.C.Cir.), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2178, 53 L.Ed.2d 226 (1977); *Hall v. State,* 497 So.2d 1145 (Ala.Crim.App. 1986); *Padie v. State,* 594 P.2d 50 (Alaska 1979); *Cowan, supra;*[1] *State v. Littlejohn,* 199 Conn. 631, 508 A.2d 1376 (1986); *Tucker v. State,* 417 So.2d 1006 (Fla.Ct.App.1982), *aff'd,* 459 So.2d 306 (Fla.1984); *Lowe v. State,* 14 Kan.App.2d 119, 783 P.2d 1313 (1989); *People v. Dickson,* 133 A.D.2d 492, 519 N.Y.S.2d 419 (N.Y.App.Div.1987); *People v. Soto,* 76 Misc.2d 491, 352 N.Y.S.2d 144 (N.Y.Crim.Ct.1974); *People v. Perico,* 143 Misc.2d 961, 542 N.Y.S.2d 911 (N.Y.Dist.Ct. 1989); *State v. Pearson,* 858 S.W.2d 879 (Tenn.1993); *State v. Muentner,* 138 Wis.2d 374, 406 N.W.2d 415 (1987).

In my view, the jurisdictional approach is ultimately unsatisfactory. Years ago, the overwhelming majority of states followed the jurisdictional approach. *See* C. Marvel, Annotation, *Conviction of Lesser Offense, Against Which Statute of Limitations Has Run. Where Statute Has Not Run Against Offense with Which Defendant is Charged,* 47 A.L.R.2d 887 (1956). However, the modern trend is clearly against the jurisdictional

1. In *Cowan,* the California Supreme Court held that defendants can waive the statute of limitations but specifically refused to decide whether a defendant can forfeit the defense as well. *Cowan,* 58 Cal.Rptr.2d at 462, 926 P.2d at 442. Justice Brown wrote an opinion concurring and

dissenting in part advocating adoption of the forfeiture approach. *Id.* at 468, 926 P.2d at 448. Justice Chin, the author of the majority opinion, wrote a separate concurring opinion arguing that the court should allow waiver but not forfeiture. *Id.* at 464, 926 P.2d at 444.

approach and in favor of the other approaches. *See* T. Thomas, Annotation, *Waivability of Bar of Limitations Against Criminal Prosecution*, 78 A.L.R.4th 693 (1990). In fact, commentators in recent years have generally advocated the waiver approach. *See* Comment, *The Statute of Limitations in a Criminal Case: Can It Be Waived?*, 18 Wm. & Mary L.Rev. 823 (1977); Note, *Waiver of the Statute of Limitations in Criminal Prosecutions: United States v. Wild*, 90 Harv. L.Rev. 1550 (1977) (hereinafter *Waiver: Wild*); R. Moot, *Fourth Circuit Review— Waiver of Criminal Statutes of Limitation*, 40 Wash. & Lee L.Rev. 459, 712–25 (1983).

More importantly, the notion that the statute of limitations is an aspect of jurisdiction is inconsistent with our statutes. HRS § 701–114(1)(e) provides that the statute of limitations must be proven beyond a reasonable doubt in order for a defendant to be convicted. However, HRS § 701–114(1)(c) provides that jurisdiction must also be proven.[2] Because two subsections in the same statute expressly distinguish between jurisdiction and the statute of limitations, they must of necessity be treated as distinct concepts. Therefore, I believe that the statute of limitations is not an aspect of the jurisdiction of the courts, but rather, is a substantive statutory right held by the defendant.

Not only is the jurisdictional approach unsatisfactory, but the forfeiture approach is unsatisfactory as well. Based on an examination of our statutory scheme, it is apparent that the protection of the statute of limitations is too important to be unintentionally lost. HRS § 701–108 currently provides in relevant part:

> **Time limitations.** (1) A prosecution for murder, murder in the first and second degrees, attempted murder, and attempted murder in the first and second degrees may be commenced at any time.
>
> (2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
>
> (a) A prosecution for manslaughter where the death was not caused by the operation of a motor vehicle must be commenced within ten years after it is committed;
>
> (b) A prosecution for a class A felony must be commenced within six years after it is committed;
>
> (c) A prosecution for any other felony must be commenced within three years after it is committed;
>
> (d) A prosecution for a misdemeanor or a parking violation must be commenced within two years after it is committed;
>
> (e) A prosecution for a petty misdemeanor or a violation other than a parking violation must be commenced within one year after it is committed.

HRS § 701–108 (Supp.1996). The mandate of HRS § 701–108 is not merely procedural. Rather, it is an important component of the prosecution's prima facie case. A prima facie case is "[a] case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *Black's Law Dictionary* 1190 (6th ed.1990). It "consists of sufficient evidence . . . to get the plaintiff past a motion for directed verdict in a jury case[.]" *Id.* In Hawai'i criminal law, the prima facie case is the legal minimum that the prosecution must establish in order to survive a motion for judgment of acquittal under HRPP Rule 29.[3] Only if the prosecution proves each of

---

**2.** For the text of HRS § 701–114, *see infra* this section.

**3.** HRPP Rule 29 provides in relevant part:
> **MOTION FOR JUDGMENT OF ACQUITTAL.**
> **(a) Motion Before Submission to Jury.** Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. . . .
>
> . . . .
>
> (c) Motion After Discharge of Jury. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 10 days after the jury is discharged or within such further time as the court may fix

the components of the prima facie case beyond a reasonable doubt is entry of a judgment of conviction allowed. HRS § 701–114 lays out the components of the prosecution's prima facie case:

> **Proof beyond a reasonable doubt.** (1) Except as otherwise provided in section 701–115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> (a) Each element of the offense;
>
> (b) The state of mind required to establish each element of the offense;
>
> (c) Facts establishing jurisdiction;
>
> (d) Facts establishing venue; and
>
> (e) *Facts establishing that the offense was committed within the time period specified in section 701–108.*
>
> (2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

HRS § 701–114 (1993) (emphasis added). Thus, the statute of limitations is an essential part of the prosecution's prima facie case that must be proven beyond a reasonable doubt. The statute of limitations occupies such a critical position in the Hawai'i Penal Code because it serves a number of important policies:

> Several important policies underlie the ... statute of limitations. The most persuasive is the fact that after a certain time, evidence tending to prove or disprove criminal liability becomes stale. Witnesses die, move away, or forget; physical evidence disintegrates, and it becomes impossible to ascertain what actually happened. Statutes of limitations may also be viewed as statutes of repose. Even a person who has committed a penal act is entitled, after the passage of some time, to conduct the person's affairs on the assumption that they will not be disrupted by a prosecution. This is particularly true in the case of someone who has ceased to engage in penal activity and is leading a law-abiding life. These policies explain why, even when a time limitation is extended by one of the provisions in this section, an upper limit is set.

Commentary on HRS § 701–108 (1993). Similarly, the United States Supreme Court has noted:

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970). For these reasons, the statute of limitation occupies the status of a substantive statutory right. Because of the importance of the statute of limitations, it should not be subject to forfeiture.

Additionally, I believe that forfeiture of a component of the prosecution's prima facie case is disfavored under Hawai'i case law. In *State v. Black,* 66 Haw. 530, 668 P.2d 32 (1983), this court refused to allow the "waiver" (*i.e.,* forfeiture) of proof of venue. We held that the defendant did not lose his right to insist on proof of venue simply because he had failed to raise the issue prior to his motion for judgment of acquittal. *Id.* at 531, 668 P.2d at 33. This court subsequently stated, in *State v. Kwak,* 80 Hawai'i 297, 909 P.2d 1112 (1995) (opinion on motion for reconsideration), that if the prosecution fails to meet its burden of proving a prima facie case, the trial court is required, *sua sponte,* to grant a judgment of acquittal under HRPP Rule 29, even if the defendant has not so moved. *Id.* at 305, 909 P.2d at 1120 (quoting *State v. Miyashiro,* 3 Haw.App. 229, 232–33, 647 P.2d 302, 304–05, *cert. denied,* 65

---

during the 10–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Haw. 683 (1982)). In other words, a defendant does not forfeit his right to proof of the prosecution's prima facie case as a precondition to conviction, simply by failing to move for judgment of acquittal. Together, *Black* and *Kwak* indicate that Hawai'i law disfavors the forfeiture of components of the prosecution's prima facie case.

In addition, the forfeiture approach would create an unfortunate loophole that could virtually nullify the effectiveness of the statute of limitations. Under the forfeiture approach, it would be theoretically possible for prosecutors to circumvent the statute of limitations by deliberately overcharging a defendant in the expectation of convicting him of an included offense. When the defendant requests an included offense instruction, he would forfeit the statute of limitations defense and become subject to conviction of the included offense. Thus, the prosecution could convict the defendant of an offense that would ordinarily be time-barred if it were charged directly. The forfeiture approach therefore encourages prosecutors to attempt to circumvent our statutes.[4]

Because of the important place the statute of limitations occupies within our statutory scheme, the reluctance reflected in our case law toward allowing forfeiture of the components of the prosecution's prima facie case, and the policy of discouraging the circumvention of our laws, I would reject the forfeiture approach.

In contrast to the first two approaches, the waiver approach has a number of advantages. There are many situations in which a defendant might decide that it is in his or her own best interest to waive the statute of limitations:

> Before the statute of limitations has run, a defendant might make a calculated decision to waive the statute when it is about to run in order to gain time for plea bargaining. A defendant might also waive his limitations defense in order to vindicate his good name in the face of a serious and publicly known charge barred by stat-

ute. . . . Finally, a defendant might wish to plead guilty or nolo contendere to an offense after the statute of limitations has run in order to unburden his conscience or . . . to avoid going to trial on the greater charge which has no statute of limitations.

*Padie*, 594 P.2d at 56–57 n. 16. *See also Waiver: Wild, supra*, at 1554–55. Because the purpose of the statute of limitations is primarily to protect the defendant, the defendant should retain the prerogative of waiving the statute if it perceived to be in his or her own interest to do so. *Id.* at 1555.

Secondly, this court has long permitted defendants to waive constitutional rights, provided it is done knowingly, intelligently, and voluntarily. *See, e.g., State v. Merino*, 81 Hawai'i 198, 219, 915 P.2d 672, 693 (1996) (right to counsel); *Tachibana v. State*, 79 Hawai'i 226, 233–34, 900 P.2d 1293, 1300–01 (1995) (right to testify); *State v. Hoey*, 77 Hawai'i 17, 33, 881 P.2d 504, 520 (1994) (*Miranda* rights); *State v. Young*, 73 Haw. 217, 220–21, 830 P.2d 512, 514 (1992) (right to jury trial). If constitutional rights are waivable, then a statutory right such as the statute of limitations should be waivable as well. "A leap of logic is not required to maintain that if an accused can waive constitutional rights, he certainly can waive one conferred by the statute of limitations[.]" *Littlejohn*, 508 A.2d at 1381 (citing *Wild*, 551 F.2d at 424).

Therefore, I would adopt the waiver approach and hold that a defendant may waive the statute of limitation as long as it is done knowingly, intelligently, and voluntarily. However, because of the importance of the statute of limitations, I would also hold that the trial court must engage in an on-the-record colloquy with the defendant in order to ensure that the waiver is indeed knowing, intelligent, and voluntary. In the past, Hawai'i courts have often employed the on-the-record colloquy as a means of protecting the rights of defendants. *Tachibana*, 79 Hawai'i at 235–36, 900 P.2d at 1302–03 (citing *State v. Kupau*, 76 Hawai'i 387, 395–96 n. 13, 879 P.2d 492, 500–01 n. 13 (1994); *State v. Ibuos*,

4. Although the prosecution could also overcharge under the waiver approach, the impact of doing so is mitigated by the requirement that the waiver be knowing, intelligent, and voluntary. Thus, the prosecution might attempt to overcharge, but a defendant could defeat the attempt simply by refusing to waive.

75 Haw. 118, 121, 857 P.2d 576, 578 (1993); *State v. Vares,* 71 Haw. 617, 622–23, 801 P.2d 555, 558 (1990); *Conner v. State,* 9 Haw.App. 122, 126, 826 P.2d 440, 442–43 (1992)). Thus, this procedure should be required for waiver of the statute of limitations as well.

Waivers would be most likely to occur in the context of a guilty or nolo contendere plea, possibly pursuant to a plea agreement. In such situations, the trial court, while conducting the colloquy required under HRPP Rule 11,[5] should ensure that the defendant is aware of the statute of limitations and is waiving it voluntarily and intelligently.[6] If, however, the defendant pleads not guilty and refuses to waive the statute, or if waiver is somehow defective, the defendant's statute of limitations defense should remain intact. Assuming that: the case goes to trial, the question then becomes whether the defendant is entitled to an included offense jury instruction for the time-barred offense.

### B. *Whether an Included Offense Jury Instruction is Required*

The second issue to be addressed, *i.e.,* whether an included offense jury instruction is required, has been addressed by courts in other jurisdictions. In some states, trial courts may refuse to give included offense instructions if the statute of limitations has expired. *See, e.g., People v. Diedrich,* 31

Cal.3d 263, 182 Cal.Rptr. 354, 643 P.2d 971 (1982); *Tucker, supra.* In other states, however, trial courts must give included offense instructions despite expiration of the statute of limitations. *See, e.g., State v. Short,* 131 N.J. 47, 618 A.2d 316 (1993); *Muentner, supra.*

Although cases from other jurisdictions provide useful guidance, I believe that our decision on this issue should be consistent with our prior case law on included offense jury instructions. In *State v. Kupau,* 76 Hawai'i 387, 879 P.2d 492 (1994), we reiterated the importance of included offense instructions. In *Kupau,* the defendant appealed his conviction of assault in the second degree, claiming that the trial court committed plain error by failing to instruct the jury *sua sponte* on the included offense of assault in the third degree. *Id.* at 388, 879 P.2d at 493. The *Kupau* court stated that

> it is the *duty of the circuit judge* to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he or she shall state to them fully the law applicable to the facts. And faced with inaccurate or incomplete instructions, the *trial court has a duty to,* with the aid of counsel, either correct the defective instruction or to otherwise *incorporate it into its own instruc-*

---

5. HRPP Rule 11 provides in relevant part:
 (c) **Advice to Defendant.** The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that he understands the following:
 (1) the nature of the charge to which the plea is offered; and
 (2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and
 (3) that he has the right to plead not guilty, or to persist in that plea if it has already been made; and
 (4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and
 (5) that if he is not a citizen of the United States, a conviction of the offense for which he has been charged may have the consequences of deportation, exclusion form admission to the United States, or denial of naturalization pursuant to the laws of the United States.

 (d) **Insuring that the Plea is Voluntary.** The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from any plea agreement.

6. Of course, in any other situation, the waiver would have to be knowing, intelligent, and voluntary, and the required colloquy should be conducted at the earliest reasonable opportunity. For example, if a defendant wants to vindicate his good name in the face of a serious and publicly known charge, he might want to waive his statute of limitations defense but plead not guilty. In such a situation, the court should ensure that the waiver is knowing, intelligent, and voluntary through an on-the-record colloquy as soon as the defendant's intentions become clear.

*tion.* In other words, the ultimate responsibility properly to instruct the jury lies with the circuit court and *not* with trial counsel.

*Kupau,* 76 Hawai'i at 395, 879 P.2d at 500 (quoting *Briones v. State,* 74 Haw. 442, 472–73, 848 P.2d 966, 980 (1993) (Levinson, J., concurring)) (internal citations and quotation marks omitted) (emphasis in original).

However, because both the prosecution and the defense may desire or object to included offense instructions for tactical reasons, the *Kupau* court was unwilling to impose a *per se* obligation upon the trial court to give all possible included offense instructions. *Id.* In reconciling the competing interests of the prosecution and defendants, as well as ensuring that juries are appropriately instructed in criminal cases, the court held as follows:

> The trial judge must bring all included offense instructions that are supported by the evidence to the attention of the parties. The trial judge must then give each such instruction to the jury unless (1) the prosecution does not request that included instructions be given and (2) the defendant specifically objects to the included offense instructions for tactical reasons. If the prosecution does not make a request and the defendant makes a tactical objection, the trial judge must then exercise his or her discretion as to whether the included offense instructions should be given. The trial judge's discretion should be guided by the nature of the evidence presented during the trial, as well as the extent to which the defendant appears to understand the risks involved.

*Id.* at 395–96, 879 P.2d at 500–01 (footnotes omitted) (emphasis added). Thus, a trial court is obligated (unless the prosecution remains silent and the defendant objects) to instruct the jury regarding included offenses that are supported by the evidence.

The question then becomes whether a time-barred included offense is an offense that is "supported by the evidence." I believe that it is. I would hold that a trial court is obligated to provide an included offense instruction even if the statute of limitations for the included offense has expired.

The term "supported by the evidence" in *Kupau* refers to the second holding in that case: the trial court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *Kupau,* 76 Hawai'i at 390–92, 879 P.2d at 495–97. *See also* HRS § 701–109(5) (1985).[7] In determining whether there was a "rational basis" for an included offense, the *Kupau* court looked only at the elements of the offense and the state of mind required: "HRS § 701–114 [ (1)(a) and (b) (1985) ] requires proof beyond a reasonable doubt of each element of the offense, as well as '[the] state of mind required to establish each element of the offense.' " *Kupau,* 76 Hawai'i at 390, 879 P.2d at 495 (alterations in original). *Kupau* made no mention of HRS § 701–114(1)(c), (d), or (e)—jurisdiction, venue, or the statute of limitations, respectively. Therefore, the holding of *Kupau* does not in fact require the trial court to look at jurisdiction, venue, or the statute of limitations. Indeed, from the omission of these factors, one can infer that only the elements of the offense and the necessary state of mind are relevant in determining whether an included offense instruction should be given. In any case, the most that can be said of the holding in *Kupau,* for present purposes, is that it leaves the issue open.

Even assuming *arguendo* that the actual holding of *Kupau* does not control the present case, the policies underlying *Kupau* definitely do. Included offense instructions serve two purposes: (1) they foster the search for the truth and (2) they ensure that the defendant has received a fair trial. The Intermediate Court of Appeals (ICA) discussed these policies in its own *Kupau* decision:

> verdict acquitting the defendant of the offense charged and convicting him of the included offense.

---

7. HRS § 701–109(5) (1985) provides:
 (5) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the charge for a

The ultimate goal of criminal proceedings should be a solemn *search for the truth,* so that one accused of crime will be acquitted or convicted depending on the sufficiency of the evidence when measured against the reasonable-doubt standard of proof. Moreover, if the defendant's alleged conduct constitutes a lesser-included crime within the offense charged, and the defendant has received sufficient notice thereof to adequately prepare his defense, he will have received *that quantum fairness to which he is entitled under principles of due process.*

*State v. Kupau,* 10 Haw.App. 503, 516, 879 P.2d 559, 564–65 (quoting Edward G. Mascolo, *Procedural Due Process and the Lesser–Included Offense Doctrine,* Alb. L.Rev. 263, 299–300 (1986)) (emphasis added), *aff'd,* 76 Hawai'i 387, 879 P.2d 492 (1994).

The search for the truth involves the determination of what particular crime the defendant actually committed—Did the defendant commit the offense charged or did he actually commit an included offense? The jury makes this determination by comparing the facts of the case to the definitions of crimes in the Penal Code. The elements of the offense and the state of mind are included within the statutory definitions of crimes.[8] Therefore, these two factors are relevant to the factual determination made by the jury. However, jurisdiction, venue, and the statute of limitations have nothing to do with the determination of what crime the defendant committed. These factors concern the legal question of whether the court has the power to punish the defendant or whether the defendant has the right not to be punished, not the factual question of what crime the defendant committed. When the trial judge decides whether to give an included offense instruction, it is proper for the judge to require sufficient evidence as to the elements of the offense and the state of mind. The judge should not have to deliver an instruction if the evidence is so weak that the jury

could not possibly decide that the defendant committed that offense. However, it is not proper for the judge to require evidence as to jurisdiction, venue, and the statute of limitations because these factors are irrelevant to the factual determination that the jury is to make. Indeed, if the judge refuses to deliver an included offense instruction because of a defect in jurisdiction, venue, or the statute of limitations, the judge would be *impeding* the determination of the truth. Therefore, jurisdiction, venue, and the statute of limitations should not be considered in deciding whether an included offense instruction is warranted.

Courts in other jurisdictions have reached similar conclusions. In *State v. Muentner,* 138 Wis.2d 374, 406 N.W.2d 415 (1987), the Wisconsin Supreme Court held:

> [I]n determining whether a lesser included instruction should be given ... the first step [is] to determine, as a matter of law, whether the offense was lesser included. The second step is to determine whether there is a reasonable basis in the evidence for an acquittal on the greater charge and for a conviction on the lesser charge.... [I]n determining whether a lesser included instruction should be given, the second step involves a weighing of the evidence which would be presented to the jury. Thus, the court is assessing the likelihood that the jury would find all the elements of the particular crime. This determination does not relate to the effect the running of a statute of limitations may have....
>
> We conclude that the running of the statute of limitations does not preclude the jury from reaching a verdict convicting the defendant of a crime; it rather precludes the trial court from entering a judgment of conviction on the finding of guilt.

*Id.* 406 N.W.2d at 421. Thus, the jury must be allowed to make its factual determination, through rendering a verdict, of what crime the defendant has committed. The statute of

---

8. For example, simple trespass is defined in HRS § 708–815 (1993) as follows:

 **Simple trespass.** (1) A person commits the offense of simple trespass if the person knowingly enters or remains unlawfully in or upon premises.

 (2) Simple trespass is a violation.
The elements of the offense and the state of mind are included in the statutory definition. The elements of the offense are "enter[ing] or remain[ing] unlawfully in or upon premises." The state of mind required is "knowingly."

limitations should not prevent the jury from rendering its verdict; rather, the statute functions by preventing the trial court from entering a judgment of conviction. Our own rules and statutes support the distinction between a *verdict* of acquittal/conviction and a *judgment* of acquittal/conviction. HRS § 701–109(5) states that an included offense instruction is not required unless there is a rational basis for a *verdict* acquitting the defendant of the greater offense and convicting him of the included offense.[9] As noted in the discussion *supra*, the rational basis is determined by examining only the elements of the offense and the state of mind required. In contrast, HRPP Rule 29 authorizes the trial court to grant a *Judgment* of acquittal if the prosecution fails to prove the components of the prima facie case, *i.e.*, all the factors enumerated in HRS § 701–114, including the statute of limitations.[10]

Another reason the search for the truth is implicated is that if trial courts are not required to give instructions on time-barred included offenses, the truth will never be determined in many cases. No one will ever know what the jury would have decided if it had been given the option of rendering a verdict on an included offense.

The second purpose served by included offense instructions, protecting the defendant's right to a fair trial, is implicated by the risk that the defendant will be convicted of a crime he did not commit. As we noted in *Kupau*:

> [I]f a jury is instructed only with respect to the offense charged and one or more of the jurors "believed that the defendant committed some crime, but not necessarily the one charged," the absence of included offense instructions could cause them to "convict the defendant [of] the greater charge in order not to let the defendant go free or cause a mistrial."

*Kupau*, 76 Hawai'i at 394, 879 P.2d at 499. To convict a defendant of a crime that he did not commit would be fundamentally unfair. Included offense instructions help to ensure that if the defendant is convicted, he is convicted of the crime he did commit and not a more serious offense. If trial courts are not required to give instructions on time-barred included offenses, a defendant could be convicted of a greater offense that he did not commit. Therefore, the defendant would be deprived of a fair trial.

Critics of this approach argue, based on *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), that delivering an included offense instruction when the defendant will be acquitted upon a guilty verdict constitutes "tricking the jury" and undermines the public's confidence in the criminal justice system. However, in my view, invalidating an included offense conviction in such cases no more involves "tricking the jury" than a post-verdict judgment of acquittal in any other case. Under HRPP Rule 29, the trial court may grant a judgment of acquittal, even after a guilty verdict, if the prosecution has failed to establish its prima facie case. In ordinary cases (*i.e.*, not involving an included offense), the jury is given instructions on the charged offense and is allowed to render a guilty verdict, notwithstanding that the verdict may be set aside by the trial court and a judgment of acquittal entered. Under the approach advocated here, trial courts would simply be doing the same thing for included offenses. In both circumstances, the court is simply acquitting the defendant because the prosecution has failed to prove its prima facie case.

Furthermore, it should be recognized that the argument that public confidence would be undermined is essentially a policy argument. This policy should be balanced against the policies underlying HRS § 701–108, *i.e.*, preventing prosecutions based on stale evidence, permitting repose, and encouraging law enforcement officials to investigate criminal activity promptly.

For the foregoing reasons, I would hold that a trial court must give an included offense instruction even if the statute of limitations for the included offense has expired.

---

9. *See supra* note 7.

10. *See supra* note 3.

## C. *Summary*

In summary, I would hold that the statute of limitations may be waived but may not be forfeited. In my view, if a defendant pleads guilty or nolo contendere and, pursuant to the plea, he knowingly, intelligently, and voluntarily waives the statute of limitations, the defendant can be convicted of a time-barred offense. The trial court should be required to ensure that the waiver meets these requirements by conducting an on-the-record colloquy with the defendant. The defendant should not automatically forfeit the statute of limitations defense simply by failing to raise it, by requesting an included offense jury instruction, or by any other action or inaction. If the defendant pleads not guilty and refuses to waive the statute of limitations, or if waiver is otherwise defective, the defendant should retain the statute of limitations defense. If the defendant then goes to trial, he or she should be entitled to an included offense instruction despite the expiration of the statute of limitations. If the jury renders a guilty verdict on the time-barred included offense, the court should be required to enter a judgment of acquittal.

This approach is similar to that followed by the Wisconsin Supreme Court. In Wisconsin, the statute of limitations may be waived as long as it is done by an express waiver. *Muentner,* 406 N.W.2d at 419 (citing *State v. Pohlhammer,* 78 Wis.2d 516, 254 N.W.2d 478 (1977)). In *Muentner,* however, the defendant pled not guilty and specifically refused to waive the statute. *Id. Muentner,* therefore, exemplifies the procedure that trial courts should follow in the event that the defendant does not waive the statute of limitations. In such a situation, the trial court must deliver included offense jury instructions even for time-barred offenses. *Id.* 406 N.W.2d at 420–21. If the jury finds the defendant guilty of the included offenses, the defendant must be acquitted. *Id.* at 423.

The essential problem in cases dealing with time-barred included offenses is that two separate and distinct rights are involved: (1) the right to a fair trial (as protected by included offense instructions) and (2) the right to a statute of limitations defense. To deny a defendant an included offense instruction or to cause a defendant to forfeit the statute of limitations

> overlooks the fundamental injustice entailed in forcing a defendant to choose between two critical substantive rights. A defendant's right to a fair trial cannot be conditioned on his or her giving up a vested right to a statute of limitations defense, and a defendant's vested right to a statute of limitations cannot be conditioned on his or her giving up the right to a fair trial.

*Short,* 618 A.2d at 323. The forfeiture approach preserves the defendant's right to a fair trial, but at the expense of the defendant's right to a statute of limitations defense. Denying the defendant an included offense instruction preserves the defendant's right to a statute of limitations defense, but at the expense of the defendant's right to a fair trial. However, the approach advocated here protects both rights at the expense of neither.

## D. *The Present Case*

In the present case, the statute of limitations had not expired for the offense for which Timoteo was charged, *i.e.,* burglary in the first degree, but had expired for an included offense, *i.e.,* simple trespass. Timoteo pled not guilty and there is no indication in the record that he knowingly, intelligently, and voluntarily waived the statute of limitations defense. Indeed, Timoteo affirmatively asserted the defense in a pre-trial motion and in a post-verdict motion for judgment of acquittal. Timoteo should not be required to forfeit the statute of limitations defense simply by requesting an included offense instruction. Simple trespass is an included offense of burglary in the first degree. *See* HRS § 701–109(4)(a) & (c) (1985).[11] *Cf.*

---

11. HRS § 701–109 (1985) provides in relevant part:

> (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

> ....

> (c) It differs from the offense charged only in the respect that a less serious injury or

*State v. Williams*, 6 Haw.App. 17, 708 P.2d 834 (1985). There was a rational basis for an acquittal on burglary in the first degree and a guilty verdict on simple trespass because the evidence conflicted as to whether Timoteo actually entered Marc Kaanoi's house and whether he intended to commit a crime. Thus, I would hold that the trial court properly delivered the included offense instruction. Subsequently, the jury found Timoteo guilty of simple trespass. Because the statute of limitations period for simple trespass had expired, I believe the trial court properly granted Timoteo's motion for judgment of acquittal.

## II. CONCLUSION

Accordingly, I would affirm the circuit court's order granting Timoteo's motion.

risk of injury to the same person, property, or public interest or a different state of mind

indicating lesser degree culpability suffices to establish its commission.