34 P.3d 1065

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Gardiner B. SMITH III, Defendant–Appellant.**

**No. 23823.**

Intermediate Court of Appeals of Hawai'i.

Oct. 25, 2001.

Certiorari Denied Nov. 29, 2001.

Michael G.M. Ostendorp, Honolulu, and Shawn A. Luiz, on the briefs, for Defendant–Appellant.

Mangmang Qiu Brown, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Gardiner Smith (Smith) appeals from the October 4, 2000 judgment of the First Circuit Court of the State of Hawai'i, entered by Circuit Court Judge Dexter D. Del Rosario, based upon a jury's verdict, (1) finding him guilty of Terroristic Threatening in the First Degree, Hawaii Revised Statutes (HRS) § 707–716(1)(d) (1993), and sentencing him to incarceration for ten years and a mandatory minimum term of three years and four months, and (2) finding him guilty of three counts of Abuse of Family and Household Members, HRS § 709–906 (Supp.2000), and sentencing him to one year of incarceration for each count, all terms to be served concurrently.

## THE MISTRIAL

Prior to the first trial, pursuant to Smith's motions, the court excluded portions of the complainant's taped statement mentioning Smith's prior drug use and abuse and his status as a parolee. However, when defense counsel reviewed a transcript of the statement and specified the parts to be redacted, he neglected to specify all of the excluded parts and the prosecutor did not redact some parts that defense counsel should have but did not specify. As a result, when the redacted tape was played for the jury to hear, the jury heard some of the complainant's statements pertaining to Smith's use of drugs and his status as a parolee. The following was then stated:

> THE COURT: Ladies and gentlemen of the jury, during the playing of the tape there was evidence by the complainant of defendant's using drugs and being high and being on parole. These matters are not relevant to your consideration, and they're ordered stricken.
>
> When the Court strikes evidence, you are to disregard this evidence and not consider it in any way in your deliberations of the case.
>
> . . . .
>
> [DEFENSE COUNSEL]: Yes, Your Honor. As I stated earlier, I do have the pages that I did FAX to [the DPA], Your Honor, and I did not tell [the DPA] to take out these parts that was [sic] played, Your Honor, that is true. I went over the statement, too, Your Honor, I guess I just missed it.
>
> THE COURT: Any further representations or motions?
>
> [DEFENSE COUNSEL]: Well, as to factually what happened, I mean, that's my explanation. Your Honor, I guess, I would ask for a mistrial at this point based on what was played.

Unlike the defendant in *State v. Wilmer*, 97 Hawaii 238, 243–244, 35 P.3d 755, 760–761 (2001), defense counsel in the instant case did not indicate that he wanted the dismissal only if it was with prejudice.

After deciding that "a curative instruction to the jury will be insufficient to cure the prejudice to the defendant[,]" and "there would be an issue on appeal of ineffective assistance of counsel[,]" Judge Del Rosario decided, in relevant part, as follows:

> THE COURT: ... I'm declaring a mistrial because it is the Court's view that the defendant cannot have a fair trial at this point.

. . . .

THE COURT: Because these matters were presented to the jury, and the Court does not believe that a curative instruction will ensure that we have a fair and impartial jury in the Court's view.

The court subsequently informed the jury that "[o]n motion by counsel, the Court has declared a mistrial in this case."

## THE MOTION TO DISMISS

Prior to the second trial, Smith filed a motion to dismiss on the ground that a retrial would place him in double jeopardy. Noting that Judge Del Rosario had decided that the conduct of the attorneys was negligent and not egregious, Circuit Court Judge Michael A. Town denied the motion.

## THE SECOND TRIAL

The complainant's pre-trial statements in evidence were substantial evidence supporting the conviction. At trial, however, the complainant recanted her pre-trial statements.

## DISCUSSION

### A.

Smith contends that the court erred when it decided that the retrial of Smith was not double jeopardy. In Smith's view, "[t]he record . . . does not support a finding of manifest necessity" and

[t]he court could have taken meaningful alternative action while still protecting [Smith's] right to a fair trial. There were less severe options available to the trial court. The trial court could have given a curative instruction to disregard the reference to drugs. As [Smith] was charged with an assault-type of crime rather than a drug offense, a curative instruction would have been sufficient to protect [Smith's] right to a fair trial.

A mistrial is properly declared and retrial is not barred by the defendant's right against double jeopardy where (a) the defendant consented to the mistrial or (b) there was manifest necessity for the mistrial. *State v. Quitog,* 85 Hawai'i 128, 142, 938 P.2d

1. The issue of "manifest necessity" is discussed in *State v. Wilmer,* 97 Hawaii 238, 244–246, 35

559, 573 (1997). The fact that "there would be an issue on appeal of ineffective assistance of counsel" does not authorize interference with a defendant's "valued right" to "have his [or her] trial completed by a particular tribunal." *Quitog,* 85 Hawai'i at 141, 938 P.2d at 572 (quoting *Arizona v. Washington,* 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)).

A defendant can consent to a mistrial expressly, such as through a motion for a mistrial, or impliedly, *Quitog,* 85 Hawai'i at 142, 938 P.2d at 573, and personally or through his or her defense counsel. A colloquy with the defendant is not required. In this case, defense counsel explicitly requested the mistrial.

When the mistrial is prompted by prosecutorial misconduct, even where the defendant consented to the mistrial, the consent can be negated "where the prosecutorial misconduct is so egregious that, from an objective standpoint, it clearly denied a defendant his or her right to a fair trial." *State v. Rogan,* 91 Hawai'i 405, 423, 984 P.2d 1231, 1249 (1999). This is a question to which there is only one right answer in any particular case. If two cases involve the same facts, the answer to this question cannot be "yes" in one case and "no" in the other. In the instant case, the answer is that the prosecutor's misconduct was not egregious.

We do not reach the question whether "manifest necessity" compelled the mistrial.[1]

### B.

Circuit Court Judge Wendell Huddy denied Smith's post-evidence Motion for Judgment of Acquittal and stated, in relevant part, as follows:

However, if the jury does not accept her retraction of those statements and the jury believes what is now substantive evidence that her statements made to the police official were true and correct, and her preliminary hearing testimony was true and correct, and the jury can find guilt beyond a reasonable doubt, it's for those reasons that I will deny the defense's motion.

P.3d 755, 761–763 (2001).

Smith contends that the court erred when it denied his Motion for Judgment of Acquittal. Smith contends that

> [b]ecause of [the Complainant's] recanted testimony, no reasonable jury should have convicted [Smith] of Terroristic Threatening in the First Degree and Abuse of Family and Household Members. Since there were no other witnesses to corroborate [the Complainant's] original story, a reasonable jury should have acquitted [Smith].
>
> Accordingly, it is therefore [Smith's] contention that there was a lack of substantial evidence to support the verdict and the trial court erred in denying [Smith's] motion for a judgment of acquittal.

In light of the record and the applicable standard of review, we disagree. The applicable standard of review is as follows:

> When reviewing a . . . motion for judgment of acquittal,
>
>> we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.
>
> *State v. Jhun,* 83 Hawai'i 472, 481, 927 P.2d 1355, 1364 (1996) (citations and internal quotation marks omitted).

*State v. Timoteo,* 87 Hawai'i 108, 112–113, 952 P.2d 865, 869–70 (1997).

## CONCLUSION

Accordingly, we affirm the circuit court's October 4, 2000 judgment.