**COMMONWEALTH of Kentucky DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Wurts CHINN, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1961.

John J. Blackburn, Legal Section, Dept. of Highways, Covington, Hafford E. Hay, Asst. Atty. Gen., for appellant.

Bates & Nicholls, Greenup, for appellee.

MOREMEN, Judge.

Appellee, Wurts Chinn, filed a complaint with the Board of Claims (KRS 44.070–44.990) by which he sought to recover damages from the commonwealth resulting from alleged negligence on its part in constructing and maintaining U. S. Highway 23, which abuts a small tract of land owned by him.

The testimony offered by appellee Chinn is vague and uncertain and it is impossible to gather from the record the exact nature of his complaint. We surmise that this is the real basis: Many years ago, Highway 23 was a plain gravel country road. In 1923 the state blacktopped it and periodically raised the surface by additional blacktopping so that the road became sufficiently high as to change the natural flow of the water and divert it onto appellee's property. This water stood on the ground and under a fifty-year-old, frame building on the lot with the result that the accumulation of water caused the structure to rot and deteriorate. Appellee also testified that at one time the Highway Department stopped up a drain which had helped control the flow of water and this action also contributed to cause the damage.

After a hearing the Board of Claims awarded damages in the sum of $3,835. The commonwealth appealed to the Greenup Circuit Court where the action of the Board was affirmed—hence this appeal.

The decisive question here is whether appellee's claim, which was filed with the Board on June 2, 1959, was timely. KRS 44.110 provides that a claim must be presented to the Board within one year from the time it first shall have accrued. We find nothing in the record which indicates that this claim accrued within one year before it was presented to the Board.

The last re-surfacing of the road was had in 1957. As to the alleged negligence of the Highway Department in filling up the tiled drain, appellee testified:

"A. I understand the question, but I couldn't say exactly when this tile was stopped up.

"Q. Was it just a short time ago, or several years? A. Several years.

"Q. Several years? A. Yes.

"Q. Has it been as many as ten years ago? A. I wouldn't say, but it's been several years ago they were working building that highway, doing something to it, and they stopped that tile up.

"Q. Do you personally know the State stopped up anything, or is that your best judgment—what you think happened? A. Well, they were working on the highway.

"Q. You don't know whether the State stopped it up or not? A. They were working on the highway."

■ The commonwealth failed to plead that the claim was barred under KRS 44.110. Ordinarily under CR 12.03 a statute of limitation must be pled and a failure so to do constitutes a waiver of that defense.

■ The commonwealth argues, however, that it is incumbent upon the claimant to establish by proof that his cause of action accrued not earlier than one year from the date his claim was filed and that this step is a condition precedent to any payment by the Board.

This argument presents for decision a question of first impression in this state, but similar questions have arisen concerning claims against the federal government and we do not lack general precedent on this point.

Title 28 U.S.C.A. § 2501, provides that with certain exceptions "every claim of which the Court of Claims has jurisdiction shall be barred * * * within six years after such claim first accrued." The use of the word "barred" is somewhat stronger than the language used in KRS 44.110 which reads: "A claim must be presented to the board within one year from the time it [first] shall have accrued * * *." The difference is small and cases construing the first section may properly be used as guides in interpreting our own statute.

It has been held that the statute governing procedure in the federal Court of Claims (28 U.S.C.A. § 2501) is not only a statute of limitation, but is jurisdictional in character and the Court of Claims is without power to act on a claim which is barred under its provisions and that the court is

not permitted to ignore them. 36a C.J.S. Federal Courts § 343(1).

The reason for the rule is explained in Finn v. United States, 123 U.S. 227, 8 S. Ct. 82, 85, 33 L.Ed. 128.

"The general rule that limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the statute if he wishes the benefit of its provisions, has no application to suits in the court of claims against the United States. * * * Since the Government is not liable to be sued, as of right, by any claimant, and since it has assented to a judgment being rendered against it only in certain classes of cases, brought within a prescribed period after the cause of action accrued, a judgment in the court of claims for the amount of a claim which the record or evidence shows to be barred by the statute, would be erroneous."

In Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306, it was again stated that limitations and conditions upon which the government consents to be sued must be strictly observed.

In the case at bar, from the vague, uncertain evidence offered as proof for appellee we have failed to find even a suggestion of an act of negligence which occurred within one year from the time the complaint was filed.

The Board of Claims may pay damages only where they result from acts of negligence. Appellee is not contending that the action of the commonwealth in connection with the highway was a "taking" of property under § 242 of the Kentucky Constitution, sometimes called "reverse eminent domain" because in such suits negligence is not the basis of recovery. See City of Newport v. Rosing, Ky., 319 S.W.2d 852.

Since we have found that the claim was not filed in time, it is unnecessary to decide the other questions presented.

The judgment is reversed.