**COMMONWEALTH of Kentucky, Appellant**

v.

**Stewart OLIVER, Appellee.**

**No. 2006–SC–000385–DG.**

Supreme Court of Kentucky.

May 22, 2008.

Jack Conway, Attorney General, William Robert Long, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellant.

Samuel N. Potter, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice ABRAMSON.

This Court has never expressly addressed whether a criminal defendant is entitled to have the jury instructed on a lesser-included misdemeanor offense which is supported by the evidence but which was time-barred by KRS 500.050(2) at the time of indictment. We now hold that a defendant is entitled to the lesser-included offense instruction and, that by requesting jury consideration of an "expired" misdemeanor, the defendant waives his statute of limitations defense to any resulting conviction. Recognizing that this rule was unavailable at the time of Appellee Stewart Oliver's trial and that the trial court and all parties misperceived the consequences of the defendant's request for expired misdemeanor instructions, we affirm the Court of Appeals' reversal of Stewart Oliver's convictions, albeit on different grounds, and remand this case for a new trial.

### RELEVANT FACTS

In November 1999, Beneficial Finance, Inc., a Paducah lender, loaned about $3,000.00 to Shane Oliver, Stewart Oliver's son. When the loan became delinquent and Shane denied having applied for it, Paducah police investigated and discovered that Stewart and his former wife, Beverly Oliver, had obtained the loan by forging Shane's signature on the application docu-

ments and the proceeds check. In April 2003, a McCracken County Grand Jury indicted both Stewart and Beverly for theft by deception, over $300.00, a class D felony (KRS 514.040), and for second-degree criminal possession of a forged instrument, also a class D felony (KRS 516.060). They were jointly tried in March 2004, and both were convicted of both crimes. By Judgment entered June 1, 2004, the trial court sentenced Stewart to two concurrent two-year prison terms.

The proof at trial showed that at the time of the loan, in November 1999, Stewart and Beverly had recently separated and that their marriage had since been dissolved. Each accused the other of instigating the fraud. Beverly admitted forging Shane's signatures, but claimed that she did so only at Stewart's urgent behest and that it was Stewart who passed the documents to the loan officer and who disposed of the proceeds. Stewart claimed that as a result of their separation Beverly had been in need of funds, that it was she who obtained and returned the loan application, and that his involvement in the fraud had extended no further than chauffeuring her to and from the loan office. At the conclusion of proof, each defendant requested that the jury be given the option of finding him or her guilty of facilitating the charged offenses. The Commonwealth objected on the ground that facilitation of a class D felony is a class A misdemeanor, KRS 506.080(2), and that the one-year statute of limitations for misdemeanors had expired before Stewart's and Beverly's indictments. The trial court indicated that were it not for the limitations issue the evidence would have entitled both defendants to facilitation instructions. The trial court ultimately denied those instructions, however, because in its view the expired misdemeanors had ceased to be viable verdicts a rational juror could return.

Stewart appealed to the Court of Appeals, and that Court, agreeing with him that the trial court erred when it refused to instruct on facilitation, reversed his conviction and remanded for a new trial. We granted the Commonwealth's motion for discretionary review to consider whether a trial court may give a lesser-included-offense instruction when the lesser-included offense instruction requested by a defendant relates to an expired misdemeanor.

## ANALYSIS

■ In reversing Stewart's conviction, the Court of Appeals relied on what it deemed to be the implicit holding in *Reed v. Commonwealth,* 738 S.W.2d 818 (Ky. 1987). In that case, this Court reversed Reed's rape conviction because the trial court had failed to give an instruction on second-degree sexual abuse, a misdemeanor that appeared to have expired prior to Reed's indictment. Although *Reed* does not address the limitations issue, the Court of Appeals reasoned that *Reed* implicitly stands for the proposition that

> the statute of limitations for misdemeanors simply does not apply when a criminal defendant who is being tried for a felony offense requests a lesser included misdemeanor instruction. If the evidence supports such an instruction, the trial court must give it.

*Oliver v. Commonwealth,* 2004–CA–001219–MR (April 28, 2006). The Commonwealth takes issue with this holding as reading too much into *Reed's* silence. In particular, the Court of Appeals appears to have assumed that by requesting a misdemeanor instruction the defendant submits to the possibility of misdemeanor punishment, notwithstanding the statute of limitations. As the Commonwealth points out, however, the trial court and the parties in this case made the opposite assumption, *i.e.,* they assumed that even if an instruc-

tion were given and a misdemeanor verdict returned, the statute of limitations would preclude conviction of and punishment for the expired offense. It was that assumption which led the trial court to conclude that it would be improper to instruct the jury regarding a meaningless verdict. The Commonwealth maintains that by asserting both a right to a facilitation instruction as well as a right to the limitations defense, Stewart raised an issue neither addressed nor controlled by *Reed*, and that the trial court correctly determined that where conviction and punishment is not an option neither is the misdemeanor instruction. Although we agree with the Commonwealth that Stewart could not seek the instruction without waiving his limitations defense, the record does not support the Commonwealth's assertion that Stewart expressly declined to waive his limitation right. Indeed that option was simply not presented to him because of the aforementioned assumption under which the trial court and parties proceeded.

In delineating the interplay between the right to a lesser-included offense instruction and the right to a statute of limitations defense, we begin with KRS 500.050(2), which provides as follows:

Except as otherwise expressly provided, the prosecution of an offense other than a felony must be commenced within one (1) year after it is committed.

A limitations period is not a fundamental right and, indeed, at common law there was no limitations period for criminal prosecutions. Note, *"The Statute of Limitations in Criminal Law: A Penetrable Barrier to Prosecution,"* 102 U. Pa. L.Rev. 630 (1954); *State v. Stowe*, 376 Md. 436, 829 A.2d 1036 (2003). The civil law, which did impose a criminal limitations period,

apparently influenced colonial and post-revolutionary practice, Note, *supra*, but the United States Constitution does not require a limitation period on criminal offenses. *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (Justice Thomas, dissenting). Similarly there is no claim in this case that the Kentucky Constitution places time limitations on the prosecution of crimes. Rather, Kentucky's only criminal limitations period is purely statutory and KRS 500.050(2) hews closely to the common law by excepting only non-felony offenses.

■ Our case law has long recognized that, generally, a statute of limitations is a defense, but not a jurisdictional bar, to an untimely complaint. *Tomlinson v. Siehl*, 459 S.W.2d 166 (Ky.1970); *Commonwealth Department of Highways v. Chinn*, 350 S.W.2d 622 (Ky.1961). Under CR 8.03, of course, the statute of limitations is listed among the affirmative defenses which may be waived if not asserted in a timely manner. Although the Criminal Rules contain no precise analogue to CR 8.03,[1] we see no reason, at least under the current penal code, not to recognize in the criminal sphere, via RCr 13.04, a like rule that the statute of limitations is an affirmative defense that may be waived. Indeed, since criminal defendants are permitted to waive their most fundamental constitutional rights, it would make little sense, as many of our sister courts have noted, to disallow the waiver of the merely statutory limitations right. *State v. Timoteo*, 87 Hawai'i 108, 952 P.2d 865 (1997) (collecting cases).

■ The waiver of limitations becomes an issue in cases like this one, where the defendant seeks a jury instruction on an expired lesser-included offense. General-

---

1. RCr 8.18 does provide for a waiver of certain defenses if those defenses are not raised before the trial.

ly, of course, a defendant is entitled to instructions on the whole law of the case including lesser-included offenses whenever,

> considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense.

*Holland v. Commonwealth,* 114 S.W.3d 792, 802 (Ky.2003) (citation and internal quotation marks omitted). The United States Supreme Court has held, in fact, that in capital cases a defendant has an Eighth Amendment right to have the jury instructed regarding any viable lesser-included offense supported by the evidence. *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). In *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), however, the Court held that that right did not extend to expired lesser-included offenses unless the defendant was willing to waive the statute of limitations defense. Spaziano sought both a lesser-included offense instruction for an expired offense and an automatic acquittal if the jury found him guilty of that offense. Refusing to extend *Beck* to those circumstances, the Supreme Court explained that

> we are unwilling to close our eyes to the social cost of petitioner's proposed rule. *Beck* does not require that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice. Such a rule not only would undermine the public's confidence in the criminal justice system, but it also would do a serious disservice to the goal of rationality on which the *Beck* rule is based.
>
> If the jury is not to be tricked into thinking that there is a range of offenses for which the defendant may be held

accountable, then the question is whether *Beck* requires that a lesser included offense instruction be given, with the defendant being forced to waive the expired statute of limitations on those offenses, or whether the defendant should be given a choice between having the benefit of the lesser included offense instruction or asserting the statute of limitations on the lesser included offenses. We think the better option is that the defendant be given the choice.

*Id.* at 456, 104 S.Ct. at 3160.

■ Although *Beck* and *Spaziano* are capital cases construing the Eighth Amendment to the United States Constitution, numerous state courts have applied their reasoning to non-capital cases and have held that a defendant is not entitled to a lesser-included offense instruction on an expired offense unless he waives the limitations defense. *See, e.g., State v. Timoteo, supra,* and *State v. Boyd,* 209 W.Va. 90, 543 S.E.2d 647 (2000). *See generally,* Tim A. Thomas, *"Waivability of Bar of Limitations Against Criminal Prosecution,"* 78 A.L.R.4th 693 (1990); Annotation, "Conviction of Lesser Offense, against which Statute of Limitations has Run, where Statute has not Run against Offense with which Defendant is Charged," 47 A.L.R. 2nd 887 (1956). Contrary holdings have been limited to states which, unlike Kentucky, give the jury no role in sentencing. *State v. Delisle,* 162 Vt. 293, 648 A.2d 632 (1994); *State v. Muentner,* 138 Wis.2d 374, 406 N.W.2d 415 (1987). We agree with the majority of state courts and with the United States Supreme Court that an instruction on a time-barred offense tends to deceive the jury and thus is not permitted unless the defendant waives the limitations bar so that a verdict under the instruction has real substance.

The next issue is how the waiver may be effected. Some courts have held that a defendant's request for an instruction on an expired lesser-included offense, without more, constitutes an implied waiver of the limitations defense. *Timoteo, supra; Boyd, supra.* Other courts have held, however, that waiver of the statute of limitations "requires determination on the record that waiver is knowing, intelligent, and voluntary," and does not otherwise contravene public policy. *Eaddy v. State,* 638 So.2d 22, 25 (Fla.1994). Although certainly the trial court does not err by including on the record the defendant's express choice between his limitations right and a lesser-included instruction, we agree with those courts that have found the request for an instruction generally sufficient to establish waiver, absent other evidence of record that a waiver was not intended. Not only, as the Court of Appeals emphasized, is that approach consistent with our ruling in *Reed, supra,* but also it is the approach least prone to manipulative and after-the-fact claims of error. Moreover, given that the limitations right is statutory and not fundamental, and because in Kentucky it applies only to misdemeanors, an informal waiver implied by conduct does not unduly threaten the fairness of the defendant's trial.

In this case, although Stewart requested the instructions on the expired facilitation offenses, the record makes clear that the trial court and parties alike believed that waiver was not an option. As a result, it cannot be said that Stewart was "given the choice," even implicitly, between asserting the limitations defense and waiving the defense in favor of the facilitation instructions. Instead, all of the participants simply assumed that a verdict under those instructions would result in an acquittal. This was an error, and because it is not clear either that Stewart would have refused to waive the limitations defense had he been given the choice or that the jury would have rejected lesser-included offenses had instruction been given, the error cannot be deemed harmless. *Clark v. Commonwealth,* 223 S.W.3d 90 (Ky. 2007).

Finally, the concurring opinion expresses alarm that by giving effect to KRS 500.050(2) we are permitting the "guilty to walk." To be sure, once a criminal limitations period expires, even someone guilty of the expired crime will escape punishment. Distaste for that possibility, however, does not justify the concurrence's strained reading of the statute so as to permit implicit prosecution of and punishment for an expired misdemeanor provided only that the misdemeanor not be explicitly charged prior to the jury instructions. That construction not only requires one to read into the statute an overly technical sense of "prosecution," but it also, by judicial fiat, would render virtually meaningless the limitations protection the General Assembly has adopted. In addition to being more appropriately addressed to the General Assembly, the concurrence's concern is also overstated. In the vast majority of cases, defendants facing possible felony verdicts are willing to waive their limitations defense in exchange for a misdemeanor instruction and the possibility of a lesser verdict. Only in the relatively rare instances where the defendant wishes to confront the jury with an all-or-nothing choice between felony verdict and acquittal will the limitations right the General Assembly has granted operate to preclude a misdemeanor instruction. If this is "unfair," as the concurrence insists, it is an unfairness the General Assembly must address.

### CONCLUSION

In sum, if a criminal defendant requests a lesser-included-offense instruction on an

expired misdemeanor, the trial court should give it, provided, of course, that the evidence supports the instruction. Absent a contrary indication in the record, the defendant's request for such an instruction will operate as a waiver of his right to a statute of limitations defense. Because in this case Stewart was not given the option to waive his limitations defense in exchange for his requested facilitation instructions, we agree with the result reached by the Court of Appeals and accordingly affirm its decision to reverse Stewart's conviction and remand the matter for a new trial.

All sitting.

LAMBERT, C.J., MINTON, SCHRODER, and SCOTT, J.J. concur.

CUNNINGHAM, J., concurs in result only by separate opinion in which NOBLE, J., joins.

Opinion by Justice CUNNINGHAM Concurring In Result Only.

I respectfully submit that the majority's view is one-sided. In its decision today, the majority inexplicably writes out of the statute of limitations for misdemeanors the word "prosecution." KRS 500.050(2) states

[E]xcept as otherwise expressly provided, the *prosecution* of an offense other than a felony must be commenced within one (1) year after it is committed. (Emphasis added.)

Up until this very hour, Appellee has yet to be prosecuted on a misdemeanor of-

fense. In fact, the prosecution strenuously objected to the giving of the misdemeanor instruction.

We should hold today, as the statute dictates, that when a misdemeanor is born of a felony prosecution and becomes a lesser-included instruction, it does not constitute "prosecution" of the misdemeanor as intended by KRS 500.050(2). It is simply a residue of the felony prosecution. In other words, in the appropriate cases both the Commonwealth and the defendant should be able to request and receive the lesser-included instruction.

My distinguished friends on the Court today turn away from one of the most basic truths of a criminal trial. Jury instructions are totally a judicial function.[1] The charge to the jury of the law of the case is not a prosecution responsibility. Nor is it subject to—as the majority allows here—the whims and prerogative of the defense.

This Court agrees with the majority of state courts in holding that an instruction on a time-barred offense is not permitted unless the defendant waives the statute of limitations bar. We should not feel obliged, however, to follow decisions which are inherently unfair, and in some instances carry hideous results.[2] We do not have to be like birds on a wire—when one flies they all fly.

One does not need an expansive imagination to discern how this decision will play out. Many, if not most, white collar crimes—especially embezzlement—are

1. The purpose or function of instructions is to inform the jury as to the law of the case applicable to the facts in such a manner that the jury may not be misled[.] 89 C.J.S. Trial § 485 (2001).

2. One example will suffice. New Jersey has a five-year limitation on the prosecution of manslaughter offenses. That state's highest

court has deemed that a defendant is entitled to an instruction on manslaughter, a lesser-included offense of murder, without telling the jury that he or she will walk free if convicted on the lower crime because it is time-barred. *State v. Short,* 131 N.J. 47, 618 A.2d 316 (1993).

slow to surface and sometime require extensive, time-consuming investigations. Even though there may clearly be probable cause to indict a defendant for the theft of thousands of dollars, proof at trial may become so complex and intertwined with corporate finance that a jury is unanimous as to guilt, but totally confused on the value. Under this case, if more than a year has passed before prosecution of the felony, the guilty walks.

This very case is a splendid example. Abusing the credit of a child, and using his good name to defraud is a despicable crime. A different prosecutor, after hearing the two co-defendants point the finger at each other, might have wanted the lesser-included misdemeanor to avoid the possibility that both defendants would go free. But wanting it and getting it are not the same. A prosecutor's request is transformed into a judicial function only when the court adopts the misdemeanor instruction as its own and as representing the total law of the case.

Much attention has been given to the U.S. Supreme Court case of *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). In *Spaziano*, our nation's highest court said that a defendant may waive being given the instruction for a lesser-included offense, even though the defendant does not waive his statute of limitations claim. As stated by Justice Blackmun, the issue was "whether the defendant is entitled to the benefit of both the lesser-included offense instruction and an expired period of limitations on those offenses." *Id.* at 454, 104 S.Ct. 3154. It is clear to me that *Spaziano* was written under the assumption that under Florida law the defendant would be free from penalty for the lesser-included offense. We should hold that under Kentucky law he would not.

The waiver requirement present in *Spaziano* should come into play in our trial courts only in pre-trial matters. For instance, reducing felonies to misdemeanors for purposes of plea bargaining is a common practice. This is fully acceptable because implicit in the plea negotiation process is full consent and waiver on behalf of the accused.

In *Reed v. Commonwealth*, 738 S.W.2d 818 (Ky.1987), a decision relied heavily upon by the Court of Appeals in this case, we reversed the conviction of the defendant because an instruction on the lesser-included misdemeanor was not given, even though the prosecution of the felony had begun more than one year after the crime had been committed. Although the statute of limitations issue of KRS 500.050(2) was not raised, the Court held that the instruction should have been given. 738 S.W.2d at 822–823.

We need to deal with the real world in an even-handed way. A Commonwealth Attorney's good faith prosecution of a felony can easily weaken in the dynamics of a criminal trial. Witnesses may falter or fail to show; values of stolen property may grow vague; and physical injury may look much less serious at trial than it did at the time of the assault. The defense can introduce strong evidence not previously disclosed to the Commonwealth, resulting in the strong possibility that the jury might opt for a lesser-included misdemeanor offense.

Where is the fairness in allowing a defendant to waive the statute of limitations and receive the benefit of a lesser-included instruction, while denying the Commonwealth the option of an instruction on a misdemeanor? Where is the fairness of invading the province of the trial court's duty to instruct on all the law, while depriving the jury of a logical and well thought out alternative to the felony?

Where is the fairness in all of this when considering the defendant has never been prosecuted on the misdemeanor—rather, it simply evolved as an alternative during trial? Where is the fairness in allowing a person guilty of a serious crime—and many misdemeanors are indeed still serious—to walk free because we here on the state's highest court choose to ignore the plain reading of a statute?

We should leave it to the trial courts to deal with overly zealous prosecutors who may try to bring unwarranted felony prosecutions, which would in and of themselves be time-barred, for the purpose of camouflaging misdemeanors. Such practice is of course condemned, but a vigorous defense bar and vigilant trial judges may amply check this type of prosecutorial abuse. If a directed verdict is entered on behalf of the felony, it would seem to be a solid basis for the trial court to also dismiss the lesser-included offense as time-barred. In any respect, good faith would remain the cornerstone of all criminal prosecutions.

The majority's rationale provides a one-sided emphasis and allows the defense too much influence over the instructions to be given in a criminal case. Therefore, I respectfully concur in result only.

NOBLE, J., joins.