RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0973-DR

BILLY MICHAEL MARTIN
IN HIS CAPACITY AS EXECUTOR
OF THE ESTATE OF BILLY MARTIN                                 APPELLANT

ON MOTION FOR DISCRETIONARY REVIEW
FROM MCCREARY CIRCUIT COURT
v.                HONORABLE DANIEL BALLOU, JUDGE
ACTION NO. 21-XX-00004

BRENDA MARTIN                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE:  Billy Michael Martin ("Mike"), in his capacity as

executor of the estate of Billy Martin, was granted discretionary review of the

McCreary Circuit Court's judgment affirming the McCreary District Court's denial

of Mike's motion for leave to file a late disallowance of a claim against the estate. Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Billy Martin passed away on October 16, 2017. A dispute thereafter arose between Brenda Martin, Billy's widow, and Mike, Billy's son from a previous marriage. Mike and Brenda each filed a petition in McCreary District Court seeking to be appointed executor/executrix of the estate and to probate different documents as Billy's will. Mike tendered a document dated June 12, 2000, which left everything to him, whereas Brenda tendered a handwritten document entitled "Last Will and Testament," which was executed by Billy and Brenda on June 2, 2017, in the presence of two witnesses and a notary. The document states in part: "This will is between Billy Martin and Brenda Martin, we did not have a pre-nuptial agreement before we married 26 years ago." The document provides for Brenda to receive the marital home, its contents, and the acre of land on which it is situated. She is also to retain various properties she owns, as well as her car and a truck. The document states that Billy wants Mike to have his business, Martin Pallets and Martin Sawmill, its equipment and all the real estate it sits on, and another tract of land. The 2017 document did not dispose of all of Brenda and Mike's property.

On December 13, 2017, the district court appointed Mike and Brenda as co-administrator/administratrix of the estate. No will was admitted to probate at that time. Mike and Brenda each retained counsel in September 2018.

Brenda filed a motion for the surviving spouse exemption pursuant to Kentucky Revised Statutes (KRS) 391.030. Mike responded that the handwritten 2017 document was a postnuptial agreement in which Brenda had released and waived her right to the spousal exemption.

On August 9, 2019, the district court entered an order admitting into probate the 2000 will tendered by Mike. In accordance with the terms of that will, Mike was appointed the executor of Billy's estate. On October 17, 2019, the district court entered an order finding that the handwritten 2017 document was not Billy's last will and testament and scheduling a hearing to determine the estate assets. Brenda filed a motion to alter, amend, or vacate the order. The parties were directed to submit proposed orders on the motion by February 7, 2020.

Mike's attorney unexpectedly passed away on January 25, 2020.

On February 3, 2020, Brenda filed a claim against the estate, which she served on Mike, the clerk of the court, and the office of Mike's attorney. Her claims against the estate consisted of a claim for breach of the contractual provisions as set forth in the handwritten 2017 "Last Will and Testament." The claim alleged that Billy had bound himself contractually to provide Brenda with

certain assets as set forth in the agreement, but that Mike had failed to honor the contract even though he had previously asserted that the document was a "postnuptial contract." Brenda also asserted that Billy and Mike had committed fraud on her marital share of the estate by changing the title of a savings account from Billy's sole name to joint ownership with Mike. The claim sought to require Mike, in his capacity as administrator of the estate, to fulfill all terms and provisions of the agreement and to restore the full amount of the savings account of $52,739.85 to the estate, from which amount Brenda was entitled to her spousal exemption plus one-half of the balance.

On February 4, 2020, Brenda filed a renunciation of the 2000 will while explicitly preserving her claims disputing its validity. On February 5, 2020, Brenda filed a motion to continue the deadline for filing proposed orders, citing Mike's loss of his attorney.

On February 7, 2020, an individual identified on the docket as Bob West appeared in district court on Mike's behalf, explaining that Mike was unable to be present because he had the flu. The district court advised him that Mike needed to get a new attorney and have that attorney enter an appearance.

Mike did retain new counsel, who filed an action against Brenda in McCreary Circuit Court on February 21, 2020, but did not enter an appearance in the district court probate action. Brenda filed an answer and counterclaims in the

circuit court action. On July 9, 2020, Brenda's counsel served a copy of her claim against the estate, along with a discussion of the expiration of the deadline to deny such a claim, in response to a motion for partial summary judgment filed in the circuit court action by Mike's attorney.

On August 14, 2020, Mike's new counsel entered an appearance in the probate proceedings. On September 19, 2020, over seven months after Brenda filed the claim, Mike's counsel filed a motion seeking leave to file a late disallowance of the claim. Following a hearing, the district court entered findings of fact, conclusions of law, and order denying Mike's motion. Mike filed an appeal to the McCreary Circuit Court, which entered findings of fact, conclusions of law, and judgment affirming the ruling of the district court. Mike sought discretionary review, which was granted, and this appeal followed.

## ANALYSIS

The following statutes set forth the procedures and limitations for presenting claims against a decedent's estate.

KRS 396.011(1) provides that such claims must be presented within six months after the appointment of the personal representative. It states as follows:

> All claims against a decedent's estate which arose before the death of the decedent, excluding claims of the United States, the State of Kentucky and any subdivision thereof, whether due or to become due, absolute or

-5-

contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees, unless presented within six (6) months after the appointment of the personal representative, or where no personal representative has been appointed, within two (2) years after the decedent's death.

KRS 396.015 sets forth the method of presenting claims against the estate. It states in pertinent part:

The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. If presentment shall be made by filing a written statement of the claim with the clerk of the court, the claimant shall certify as provided in the rules of civil procedure that a copy of the written statement has been given or mailed to the personal representative and his attorney. The claim shall be deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court.

KRS 396.015(1).

Finally, KRS 396.055 describes the method of allowing or disallowing claims. Its terms have been summarized thusly:

Pursuant to KRS 396.055(1), upon receiving a timely and properly presented claim, the personal representative has two key options at his disposal: either allow the claim and pay the claimant, or disallow the claim and refuse payment. *DeMoisey v. River Downs Inv. Co.*, 159 S.W.3d 820, 822 (Ky. App. 2005). If the personal

representative chooses to disallow the claim, he or she must send notice to the claimant, within sixty days of the expiration of the six-month presentation period, informing the claimant the claim has been disallowed. KRS 396.055(1); KRS 396.011; *see also DeMoisey*, 159 S.W.3d at 822. The notice of disallowance effectively bars the claim against the estate unless the claimant takes specific steps to preserve his or her claim by filing "a separate collection against the personal representative" within sixty days after the mailing of the notice of disallowance. *DeMoisey*, 159 S.W.3d at 822; KRS 396.055(1).

In addition to the two options discussed above, "[a] third possibility, inaction, [also] results in allowance." *DeMoisey*, 159 S.W.3d at 822. That is, if the personal representative fails to take any action regarding the claimant's claim within the requisite sixty-day period, the claim is automatically deemed allowed subject to a limited exception. KRS 396.055(1) ("Failure of the personal representative to mail notice to a claimant of action on his claim . . . has the effect of a notice of allowance[.]").

*Blackwell v. Blackwell*, 372 S.W.3d 874, 877-78 (Ky. App. 2012) (footnotes omitted).

The circuit court made the following findings: (1) on August 9, 2019, the district court appointed Mike as the personal representative of the estate; (2) on February 3, 2020, within the six-month timeframe specified in KRS 396.011(1), Brenda filed her verified claim against the estate on the personal representative, Mike, and also filed a copy with the clerk of the court and served a copy on the attorney of record for the personal representative; and (3) current counsel for the

personal representative did not move for leave to disallow the claim until over seven months later, on September 19, 2020. The circuit court concluded that Brenda's claim was timely filed and properly presented by service not only on the personal representative but also by filing with the clerk and serving the last attorney of record for Mike. The court noted that at that time, no other attorney for the personal representative had entered an appearance. The court further concluded that the personal representative had not shown reasonable cause for leave to file a late disallowance.

Mike argues that Brenda's claim should not have been allowed because, first, it was untimely filed; second, even if it were timely filed, there is good cause to allow the late denial; and third, the "claim" was not an actual claim but a means to assert issues which should have been raised in the circuit court complaint. His first and third arguments are not preserved for review nor were they raised in his motion for discretionary review.

### 1. The timeliness of Brenda's claim

Mike argues that Brenda's claim against Billy's estate was untimely, as it should have been filed within the six-month period following December 13, 2017, the date on which Mike and Brenda were appointed as the co-administrators of the estate. In other words, Mike contends that the six-month period for filing the claim, as prescribed by KRS 396.011(1), did not commence to run on August

9, 2019, the date that Mike was appointed the executor of the estate, but rather commenced over twenty months earlier.

This argument, whatever its merits, was not presented to the district court or the circuit court. "Ordinarily under [Kentucky Rules of Civil Procedure] CR 12.03 a statute of limitation must be pled and a failure so to do constitutes a waiver of that defense." *Commonwealth, Dept. of Highways v. Chinn*, 350 S.W.2d 622, 623 (Ky. 1961).

Furthermore, "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). The date relied upon by the district and circuit courts to calculate the commencement of the six-month period was August 9, 2019, the date on which the document tendered by Mike was admitted to probate as Billy's last will and testament and Mike was appointed as the executor of the estate.

Under CR 61.02, an appellate court may address an argument not presented to the trial court in order to prevent manifest injustice affecting the substantial rights of a party. "The language of CR 61.02 is identical to its criminal law counterpart, [Kentucky Rules of Criminal Procedure] RCr 10.26, and we interpret that language identically." *Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018). "Absent extreme

circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review pursuant to RCr 10.26 unless such a request is made and briefed by the appellant." *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008). Mike has not requested palpable error review or demonstrated that it is warranted in this case. Under these circumstances, we decline to review this argument.

## 2. Whether reasonable cause was shown to justify a late disallowance of the claim

Next, Mike argues that good cause was shown to justify a late disallowance of Brenda's claim. KRS 396.055(1) provides that

> [f]ailure of the personal representative to mail notice to a claimant of action on his claim for sixty (60) days after the time for original presentation of the claim has expired has the effect of a notice of allowance, except that upon petition of the personal representative and upon notice to the claimant, the court at any time before payment of such claim may **for cause shown** permit the personal representative to disallow such claim.

(Emphasis added.) "[W]hen read in the context of the entire statute, the 'cause' referred to in KRS 396.055(1) refers to a reasonable cause for not responding to the claim within the sixty-day period and not to the merits of the claim." *Patterson v. Estate of Boone*, 150 S.W.3d 58, 61 (Ky. App. 2003).

Mike contends that the complexity of the procedural history of the case and the untimely death of his attorney in the midst of the probate process

-10-

supports a finding that the district court abused its discretion in not permitting late disallowance of the claim. He contends that after his attorney passed away on January 25, 2020, Brenda changed her entire strategy by filing her claim on February 3, 2020, and dismissing her appeal of the district court order admitting the 2000 will into probate.

He further claims that by mailing notice of the claim to Mike, the circuit court clerk and the office of Mike's late counsel, Brenda did not comply with the plain language of KRS 396.015. Specifically, he contends that the portion of the statute which allows a claimant to deliver or mail a written statement of the claim directly to the personal representative applies only when the personal representative is unrepresented by counsel. He contends that the second part of the statute, which requires service on the representative and his attorney for claims filed with the clerk of the court, applies to Brenda. Thus, by filing a copy with the clerk of the court, Brenda was also required to serve Mike's attorney.

When we interpret a statute, "we look first to the plain language of the statute, affording words their ordinary meaning. We are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used." *Consolidated Infrastructure Management Authority, Inc. v. Allen*, 269 S.W.3d 852, 855 (Ky. 2008) (internal quotation marks and citation omitted). The plain language of KRS 396.015, without qualification,

-11-

permits a claimant to serve the personal representative directly and does not require any other action. The argument that Brenda's decision to file the claim with the clerk of the court as well somehow rendered her service on Mike ineffective would lead to "an absurd [and] wholly unreasonable conclusion." *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (citations omitted).

The record shows that Mike retained new counsel who filed an action in circuit court on February 21, 2020. Filings in that action indicate that he was on notice of the proceedings in district court, yet he did not file a denial of Brenda's claim against the estate until over seven months later. Brenda's claim was timely and properly served and there is no showing of a reasonable cause for not responding to the claim within sixty days.

### 3. Whether Brenda's claim was improperly filed as a claim against the estate

Finally, Mike argues that Brenda's claim is not a claim against the estate at all, but rather a claim against Mike personally disguised as a claim against the estate. As with Mike's first argument, this issue was not raised before the district court or the circuit court, nor has Mike requested or shown the necessity for palpable error review. Consequently, we decline to review it here.

## **CONCLUSION**

For the foregoing reasons, the McCreary Circuit Court's findings of fact, conclusions of law, and judgment affirming the McCreary District Court's findings of fact, conclusions of law, and order is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Rhett B. Ramsey                         Winter R. Huff
Monticello, Kentucky                    Somerset, Kentucky