**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000697
27-MAY-2022
07:52 AM
Dkt. 86 SO**

NO. CAAP-19-0000697

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PAOLA IBARRA, Defendant-Appellant,
and
GUSTAVO FERREIRA, Co-Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0001646)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Paola **Ibarra** appeals from the
"**Judgment** of Conviction and Probation Sentence" entered by the
Circuit Court of the First Circuit on September 11, 2019.[1]  For
the reasons explained below, we affirm the Judgment.

Ibarra was charged by complaint with Sex Trafficking in
violation of Hawaii Revised Statutes (**HRS**) § 712-1202(1)(a)
(**Count 1**) and Kidnapping in violation of HRS § 707-720(1)(e)
(**Count 2**).  Jury trial began on October 15, 2018.  Ibarra
testified on her own behalf.  Pursuant to an agreement between
Ibarra and the complaining witness (**CW**), Ibarra bought CW a one-
way ticket to Hawaiʻi and agreed to pay for a hotel room with the
understanding that CW "would pay her back once she made the

---

[1] The Honorable Shirley M. Kawamura presided.

money."  Upon their arrival, Ibarra and CW engaged in prostitution.  Ibarra set up "dates" for herself and CW by creating, posting, and re-posting advertisements on a website.

According to Ibarra, CW did not give her money CW made from prostitution "[o]ther than what . . . <u>our arrangement</u> was[.]" (Emphasis added.)  Ibarra never told CW exactly how much CW owed Ibarra; CW just paid Ibarra as CW earned money from prostitution.

CW testified that she gave all the money that she made from prostitution to Ibarra, then to Ibarra's boyfriend (co-defendant Gustavo **Ferreira**) when Ferreira arrived in Hawaiʻi.

On October 22, 2018, the jury found Ibarra guilty on Count 1 of the included offense of Promoting Prostitution,[2] and not guilty on Count 2.  Ibarra moved for judgment of acquittal or, in the alternative, a new trial.  The circuit court denied the motion.  The Judgment was entered on September 11, 2019; Ibarra was sentenced to five years of probation.  The circuit court entered findings of fact, conclusions of law, and an order denying the motion for judgment of acquittal or new trial on October 21, 2019.  This appeal followed.

Ibarra raises three points of error:

> "A.  The circuit court failed to ensure that Ibarra's waiver of her right not to testify was knowing, intelligent and voluntary";
>
> "B.  The circuit court erred in denying Ibarra's post-verdict motion for judgment of acquittal"; and
>
> "C.  The circuit court erred in denying Ibarra's motion for new trial."

---

[2]    HRS § 712-1203.

## 1.	The circuit court was not required to engage Ibarra in a <u>Tachibana</u> colloquy prior to her testimony.

At a pre-trial hearing, the circuit court informed Ibarra of her right not to testify.  Ibarra waived her right not to testify and took the stand following the State's case-in-chief.  On appeal, Ibarra does not take issue with her pre-trial waiver, but rather she argues that the circuit court failed to engage her in an ultimate <u>Tachibana</u>[3] colloquy before she testified.

In <u>State v. Lewis</u>, 94 Hawaiʻi 292, 12 P.3d 1233 (2000), the Hawaiʻi Supreme Court held that an ultimate <u>Tachibana</u> colloquy is not required in cases where a defendant has indicated they intend to testify.  <u>Id.</u> at 296, 12 P.3d at 1237.  Ibarra relies on <u>State v. Torres</u>, 144 Hawaiʻi 282, 439 P.3d 234 (2019).  In <u>Torres</u>, the supreme court held that a <u>Tachibana</u> colloquy must be given in all trials, including those where the defendant elects to take the stand.  <u>Id.</u> at 294-95, 439 P.3d at 246-47.  The supreme court expressly stated, however, that the new requirement was to be given <u>prospective</u> application "in trials beginning after the filing date of [<u>Torres</u>]."  <u>Id.</u> at 295, 439 P.3d at 247 (emphasis added).

Ibarra's trial occurred <u>before</u> <u>Torres</u> was decided.  <u>Lewis</u> applied when Ibarra was tried; the circuit court was not required to conduct an ultimate <u>Tachibana</u> colloquy before Ibarra testified.

## 2.	The circuit court did not err in denying Ibarra's motion for judgment of acquittal.

When reviewing the grant or denial of a motion for judgment of acquittal,

> we employ the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in

---

[3]	<u>Tachibana v. State</u>, 79 Hawaiʻi 226, 900 P.2d 1293 (1995).

the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Timoteo, 87 Hawai‘i 108, 112-13, 952 P.2d 865, 869-70 (1997) (quoting State v. Jhun, 83 Hawai‘i 472, 481, 927 P.2d 1355, 1364 (1996)).

As set forth in HRS § 712-1203(1) (Supp. 2016), the offense of Promoting Prostitution may be committed in one of two ways: "A person commits the offense of promoting prostitution if the person knowingly advances or profits from prostitution" (emphasis added). In denying Ibarra's motion, the circuit court found that a reasonable jury could not find that Ibarra "advanced" prostitution, but a reasonable jury could find that Ibarra "profited" from prostitution.[4] On appeal, Ibarra asserts that the circuit court erred in denying her motion for judgment of acquittal because the court misinterpreted "profits from prostitution" as defined in HRS § 712-1201.

The interpretation of a statute is a question of law which this court reviews de novo. Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read

---

[4] The State's answering brief asserts that there was "sufficient evidence" that Ibarra also "advanced" prostitution. However, the State did not cross-appeal from the circuit court's order. Accordingly, we cannot address the State's argument. See HRS § 641-13(5) (2016) (providing that an appeal may be taken by the State "[f]rom a ruling on a question of law adverse to the State, where the defendant was convicted and appeals from the judgment[.]"); Doe v. Doe, 99 Hawai‘i 1, 12-13, 52 P.3d 255, 266-67 (2002) ("It is well-settled that 'an appellee is ordinarily not entitled to attack a judgment without a cross appeal.'") (quoting Arthur v. Sorensen, 80 Hawai‘i 159, 167, 907 P.2d 745, 753 (1995)).

4

> statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

State v. Toyomura, 80 Hawai'i 8, 18-19, 904 P.2d 893, 903-04 (1995) (cleaned up).

HRS § 712-1201 (2014 & Supp. 2016) provides, in relevant part:

> (2) A person "profits from prostitution" if, acting other than as a prostitute receiving compensation for personally-rendered prostitution services, the person accepts or receives money or other property pursuant to an agreement or understanding with any person whereby the person participates or is to participate in the proceeds of prostitution activity.

Ibarra argues that in order to constitute a "profit" CW must have paid Ibarra a sum greater than the amount that Ibarra advanced for CW's airfare and hotel costs. But the plain language of the statute does not implicate a profit in the financial accounting sense; a defendant "profits from prostitution" if they "accept[] or receive[] money" — other than for prostitution services they personally render — "pursuant to an agreement" whereby the defendant "participates . . . in the proceeds of prostitution activity." HRS § 712-1201(2).

Ibarra challenges the circuit court's finding of fact no. 18:

> Therefore, in this case, based on the evidence adduced at trial, a reasonable juror could have further found that the money paid to [Ibarra], in some instances, arose out of prostitution services personally rendered by [CW], but not by [Ibarra].

The finding was supported by substantial evidence; Ibarra testified that she and CW had an agreement that CW would pay money to Ibarra that CW earned by rendering services as a prostitute. The finding was not clearly erroneous.

Ibarra also challenges the following conclusions of law made by the circuit court:

> 5. As to profiting from prostitution, in light of the statutory definition of "profits from prostitution"

5

quoted above, the evidence adduced at trial, and viewing that evidence in the light most favorable to the State, the court concludes that a reasonable juror could find that [Ibarra] profited from prostitution. Specifically, a reasonable juror could find that [Ibarra] and [CW] had an agreement or understanding that [CW] would pay [Ibarra] back for any airfare and/or half of the hotel room costs and that [Ibarra] knew that the money paid to [Ibarra] by [CW] arose from prostitution activities personally rendered by [CW], and not by [Ibarra].

6. Therefore, under the statutory definition quoted above, a reasonable juror could find [Ibarra] guilty of promoting prostitution as she "profited from prostitution" and therefore Defendant Paola Ibarra's Motion for Judgment of Acquittal or in the alternative, Motion for New Trial is denied.

These conclusions were not wrong; they were supported by substantial evidence and reflected an application of the correct rule of law. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

### 3. The circuit court did not abuse its discretion in denying Ibarra's motion for a new trial.

On appeal, Ibarra asserts in a conclusory manner that the circuit court abused its discretion in denying her motion for a new trial because: (1) "[CW] had lied under oath on numerous occasions"; and (2) "the jury appeared to have reached a 'compromise verdict' to punish Ibarra for her admissions that she was engaging in prostitution and that she had lied to Ferreira to conceal her prostitution activities." The granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. State v. Hicks, 113 Hawaiʻi 60, 69, 148 P.3d 493, 502 (2006).

Ibarra's first contention lacks merit. It is well settled that credibility determinations are the province of the jury. Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the

weight of evidence; this is the province of the trier of fact.") (citation omitted).

For her second contention, the only evidence Ibarra cites is a portion of her testimony elicited during cross-examination in which she admits that she participated in prostitution and lied to her boyfriend about it.[5] Ibarra did not object below and similar testimony was elicited on direct examination. The circuit court instructed the jury that if they found Ibarra not guilty of Sex Trafficking, or could not reach a unanimous verdict, then they must consider the included offense of Promoting Prostitution. "A jury is presumed to follow the court's instructions." State v. Webster, 94 Hawaiʻi 241, 248, 11 P.3d 466, 473 (2000) (citations omitted). As discussed above, substantial evidence was adduced at trial to support the jury's finding that Ibarra was guilty of Promoting Prostitution. Thus, the circuit court did not abuse its discretion by denying Ibarra's motion for a new trial.

For the foregoing reasons, the Judgment entered by the circuit court on September 11, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, May 27, 2022.

On the briefs:

Myron H. Takemoto,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[5] Ibarra cites cases addressing prosecutorial misconduct but she did not assert prosecutorial misconduct as a point of error, nor does she make any such arguments on appeal. See Rule 28(b)(4) of the Hawaiʻi Rules of Appellate Procedure ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.").